**CITY OF FARMERS BRANCH, Texas; Bob Phelps, in his official capacity; Tim O'Hare, in his official capacity; Bill Moses, in his official capacity; Charlie Bird, in his official capacity; James Smith, in his official capacity; and Ben Robinson, in his Official Capacity, Appellants**

v.

**Guillermo RAMOS, Appellee.**

**No. 05–07–00137–CV.**

Court of Appeals of Texas, Dallas.

Oct. 12, 2007.

Trey Dowdy, P. Michael Jung, Scott Allen Shanes, Strasburger & Price, L.L.P., Dallas, for Appellant.

William A. Brewer, III, James S. Renard, C. Durham Biles, Bickel & Brewer, Dallas, TX, for Appellee.

Before Justices RICHTER, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice FRANCIS.

Guillermo Ramos sued the City of Farmers Branch and Bob Phelps, Tim O'Hare, Bill Moses, Charlie Bird, James Smith, and Ben Robinson, each in his official capacity, after the City Council adopted two controversial ordinances Ramos alleged violated the Texas Open Meetings Act (TOMA). Appellants filed a plea to the jurisdiction seeking dismissal of the lawsuit on sovereign immunity grounds, and the trial court denied the plea. Appellants brought this interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.

In three issues, appellants contend the trial court erred in denying their plea because (1) Ramos's suit fails to plead sufficient facts to assert a valid cause of action under TOMA and overcome their sovereign immunity; (2) Ramos's claims are moot; and (3) no valid cause of action exists based upon subsequent ratification. For reasons set out below, we reject all arguments and affirm the trial court's order.

On November 13, 2006, the Farmers Branch City Council adopted two ordinances, numbered 2892 and 2893. Ordinance 2892 mandated that owners and/or property managers of apartment complexes require proof of citizenship or eligible immigration status for prospective tenants. Ordinance 2893 was directed at property maintenance and required, among other things, that flower pots and other landscape receptacles contain living plants. Opponents denounced the ordinances as illegally targeting the city's Hispanic population.

Three weeks later, Ramos filed this lawsuit asserting that appellants enacted the ordinances in violation of the Texas Open Meetings Act. Ramos alleged that appellants deliberated on and agreed upon both ordinances in closed meetings in violation of TOMA. Ramos also alleged that the notice for the vote on Ordinance 2892 was insufficient. Ramos sought injunctive and declaratory judgment relief as well as attorney's fees. Appellants denied the allegations and filed a plea to the jurisdiction, asserting that Ramos failed to plead sufficient facts to establish a valid TOMA violation.

While the plea to the jurisdiction was pending, Ramos and other residents presented the City with a petition, signed by more than ten percent of the registered voters, seeking either repeal of Ordinance 2892 or a public vote. On January 8, 2007, appellants adopted Ordinance 2900, which submitted the rental ordinance for a public vote. Nine days later, appellants adopted ordinance 2903, which repealed both Ordinances 2892 and 2900, restated the substance of the rental ordinance, and called a public vote for May 2007. During the time in which appellants took these actions, the trial court conducted several hearings on matters related to this lawsuit, including the plea to the jurisdiction. Although appellants did not amend their plea, they notified the trial court of repeal of Ordinance 2892 in a status conference in late January. One week later, the trial court denied appellants' plea to the jurisdiction.

■ We begin by addressing Ramos's contention that we do not have jurisdiction over the individual council members sued in their official capacity. Relying on this Court's opinion in *Dallas County Community College District v. Bolton,* 990 S.W.2d

465, 467 (Tex.App.-Dallas 1999, no pet.), Ramos argues that because the individual defendants are not "governmental units," they are not entitled to an interlocutory appeal. Three days after this appeal was argued and submitted, the Texas Supreme Court addressed the precise issue presented and concluded that a person sued in an official capacity, as here, may appeal an interlocutory order denying the jurisdictional plea. *See Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 843 (2007, no pet. h.). Accordingly, we have jurisdiction over the mayor and council members.

Turning to the appeal, in their first issue, appellants argue the trial court improperly denied their jurisdictional plea because Ramos's pleadings fail to allege facts constituting a TOMA violation. A plea to the jurisdiction based on sovereign immunity challenges a trial court's jurisdiction. *State v. Holland,* 221 S.W.3d 639, 642 (Tex.2007). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *Id.* We focus first on the plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists. *Id.* We construe pleadings liberally, looking to the pleader's intent. *Id.* If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded the opportunity to replead. *Id.* In some instances, a plea to the jurisdiction may require the court to consider evidence pertaining to jurisdictional facts. *Id.* A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted. *Id.*

TOMA is intended to provide public access to and increase public knowledge of government decision making. *City of San Antonio v. Fourth Court of Appeals,* 820 S.W.2d 762, 765 (Tex.1991) (orig.proceeding); *City of Laredo v. Escamilla,* 219 S.W.3d 14, 18 (Tex.App.-San Antonio 2006, pet. denied). It "is not a legislative scheme for service of process; it has no due process implications. Rather, its purpose is to provide 'openness at every stage of [a governmental body's] deliberations.' " *City of San Antonio,* 820 S.W.2d at 765 (quoting *Acker v. Tex. Water Comm'n,* 790 S.W.2d 299, 300 (Tex.1990)); *City of Laredo,* 219 S.W.3d at 18. TOMA therefore mandates that "every regular, special, or called meeting of a governmental body shall be open to the public," with certain narrowly drawn exceptions. Tex. Gov't Code Ann. §§ 551.002, 551.071–.088 (Vernon 2004 & Supp.2006); *City of Laredo,* 219 S.W.3d at 18. A "meeting" includes any deliberation involving a "quorum" or majority of the members of a governing body at which they act on or discuss any public business or policy over which they have control. *Id.* at § 551.001(4)(A) (Vernon 2004).

One exception to open meetings allows a governmental body to privately consult with its attorney when it is seeking advice about pending or contemplated litigation or a settlement offer or on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with TOMA. Tex. Gov't Code Ann. § 551.071 (Vernon 2004). This exception is an affirmative defense on which the governmental entity bears the burden of proof. *Olympic Waste Servs. v. City of Grand Saline,* 204 S.W.3d 496, 504 (Tex. App.-Tyler 2000, no pet.).

TOMA requires a governmental body to give notice of the date, hour, place, and subject of each meeting. Tex. Gov't Code Ann. § 551.041. The notice pro-

vided by the governmental body must be sufficiently specific to alert the general public to the topics to be considered at the upcoming meeting. *Cox Enterps., Inc. v. Bd. of Trus.*, 706 S.W.2d 956, 959 (Tex. 1986). The provisions of TOMA are mandatory and are to be liberally construed in favor of open government. *Willmann v. City of San Antonio*, 123 S.W.3d 469, 473 (Tex.App.-San Antonio 2003, pet. denied).

With respect to Ordinance 2892, Ramos alleged appellants violated TOMA by (1) failing to properly notice the City Council meeting of November 13, 2006 and (2) drafting, deliberating, debating, and agreeing upon the ordinance behind closed doors. We begin with notice.

■ In his amended petition, Ramos alleged that "the agenda for the November 13, 2006 City Council meeting, which was purportedly posted on the bulletin board at Farmers Branch City Hall on Friday, November 10, 2006 at 1:30 p.m., did not mention or otherwise describe the Ordinance—although numerous other proposed ordinances and resolutions are specifically identified therein."

Appellants assert proper notice was given and, as evidence, rely not on the agenda, but the City Council minutes of the meeting. The minutes of the meeting, however, cannot negate allegations that the *agenda* failed to provide sufficient notice. Although appellants have attached a copy of the agenda as an exhibit to their brief, attachments to a brief are not evidence before the court. *Elk River, Inc. v. Garrison Tool & Die, Ltd.*, 222 S.W.3d 772, 788 (Tex.App.-Dallas 2007, pet. filed).

To the extent appellants request this Court to take judicial notice of the November 13 agenda, we decline to do so. Texas Rule of Evidence 201 provides that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial ju-

risdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Tex.R. Evid. 201; *Dallas Co. Constable Pct. 5 Michael Dupree v. KingVision Pay–Per–View, Ltd.*, 219 S.W.3d 602, 613 (Tex.App.-Dallas 2007, no pet.). The agenda for the November 13 meeting does not fall within either category. Ramos's petition sufficiently states a claim for a notice violation under TOMA, and we reject appellants' assertion otherwise.

■ With respect to closed door deliberations, Ramos alleged the following:

Notably, Defendants, with a quorum present and/or in an effort to circumvent the requirements of TOMA, engaged in closed sessions and otherwise secret deliberations during which the provisions of Ordinance 2892 were drafted, deliberated, negotiated, debated, and agreed upon. Among other things, during these secret deliberations, Defendants discussed the need and importance of there being a unanimous vote by the City Council in support of Ordinance 2892. In order to obtain this unanimity and to evade TOMA, it is now evident that, behind closed doors, Ordinance 2892 was negotiated, modified, and revised to secure the votes of all Defendants. Indeed, the unanimous vote in favor of Ordinance 2892 was secured in these secret meetings through, among other things, an agreement to exclude public libraries and recreation centers from the English-as-an-official-language resolution. In fact, Mayor Phelps admits that in closed session and through serial secret conversations, Defendants deliberated on Ordinance 2892 and discussed how they would vote on the Ordinance. Thus, when the City Council voted publicly on Ordinance 2892, the

vote was merely a rubber-stamp of Defendant's agreement reached in secret. Tellingly, it was only *after* the vote on Ordinance 2892 that the floor was opened for public discussion.

Defendants have thwarted the residents of Farmers Branch's right to know how and why their government passed Ordinance 2892 by: (1) failing to provide adequate notice that the Ordinance would be considered at the meeting on November 13, 2006; and (2) drafting, negotiating, deliberating, and in fact, agreeing upon Ordinance 2892 behind closed doors, in violation of TOMA. No debate occurred at the open meeting because Ordinance 2892 had already been agreed to during Defendants' improperly-closed and otherwise secret deliberations. The subsequent public vote on Ordinance 2892 was merely a confirmation of the deliberations and decisions already reached behind closed doors.

In their brief, appellants rely on the attorney consultation exception to open meetings, apparently because there was some threat of litigation at an earlier council meeting. Appellants argue that TOMA does not prohibit the expression of opinions in a closed executive session as long as the vote or final decision is made in open session. Specifically, they urge that the "only affirmative claim of an allegedly improper discussion is the allegation that '[appellants] discussed the need and importance of there being a unanimous vote by the City Council.'" They contend that even if true, such activity "does not constitute more than an expression of opinion at most."

While we agree with the general proposition that TOMA does not prohibit expression of opinions in proper, closed meetings, we first question whether appellants even made a showing that a closed executive session was proper. Our record does not contain evidence of the threat of litigation, when it was made, or its scope. (In fact, at the hearing, Ramos's counsel asserted that Ordinance 2892 had not been conceived or drafted at the time of the alleged threat, therefore suggesting it could not have been the subject of the threat.) Given that the exception is an affirmative defense, it was appellants' burden to conclusively show its application.

Regardless, even assuming the exception applied and having read Ramos's allegations, we cannot agree that Ramos's allegations constitute nothing more than "expression of opinion." Ramos alleged that the City, in closed meetings, "drafted, deliberated, negotiated, debated, and agreed upon" the provisions of the ordinance and then "negotiated, modified and revised" the ordinance to "secure the votes" of appellants. Further, Ramos alleged that the public vote was no more than a rubberstamp of the "agreement reached in secret." These allegations, if true, suggest appellants acted outside the lawful bounds of an executive session and would constitute more than an expression of opinion. We conclude these allegations are sufficient to state a claim for violation of TOMA with respect to Ordinance 2892.

As for Ordinance 2893, appellants argue Ramos's TOMA claim is based on the allegation that appellants met together in "unnoticed and unscheduled meetings to discuss the proposed ordinance." Appellants assert that because Ramos did not allege such discussions included a quorum of council members, he has not pleaded sufficient facts to support a TOMA violation. A review of Ramos's pleading, however, belies appellants' claim. Specifically, Ramos alleged that appellants "failed to comply with TOMA in connection with the enactment of [the ordinance] by, with a quorum present and/or in an effort to cir-

cumvent TOMA, drafting, deliberating, an [sic] in fact agreeing upon Ordinance 2893 in closed meetings." Consequently, appellants' issue is without merit.

Finally, Ramos also alleged appellants violated TOMA when they adopted Ordinance 2900. In their brief, appellants have not challenged the trial court's ruling with respect to this ordinance. Consequently, we will not address it. For the reasons stated above, we conclude the trial court did not err in denying appellants' plea to the jurisdiction for reasons related to the sufficiency of pleadings.

■ In their second issue, appellants argue the trial court erred in denying their plea because Ramos's claims with respect to Ordinance 2892 are moot because they repealed the ordinance. As with the previous issue, appellants rely on evidence that they failed to admit below despite the fact it was available, i.e., Ordinance 2903. Appellants again ask that we take judicial notice of the ordinance.

A court, upon the motion of a party, shall take judicial notice of a municipal ordinance, provided the party requesting the notice furnishes the court with sufficient information to comply with the request and the court gives the opposing party an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. TEX.R. EVID. 204; *Flores v. State*, 33 S.W.3d 907, 914 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Here, appellants provided the Court with a copy of the ordinance, verified by the city secretary. Thus, given rule 204, we take judicial notice of Ordinance 2903.

■ The mootness doctrine dictates that courts avoid rendering advisory opinions by only deciding issues that present a "live" controversy at the time of the decision. *Camarena v. Tex. Employment*

*Comm'n,* 754 S.W.2d 149, 151 (Tex.1988); *Young v. Young,* 168 S.W.3d 276, 287 (Tex. App.-Dallas 2005, no pet.). An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, which in reality does not exist or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Young,* 168 S.W.3d at 287.

■ Ramos contends that repeal of Ordinance 2892 does not moot the issue because the question remains as to whether appellants violated TOMA and, if so, what remedial relief should be entered. In particular, Ramos argues that while repeal of the ordinance "may obviate the need to void the ordinance, it does not remedy [a]ppellants' breach of their duties owed to residents of Farmers Branch under TOMA—namely, the public's right 'not only to know what government decides but to observe how and why every decision is reached.'" Ramos argues that the trial court could declare that appellants violated TOMA and compel them to disclose to the public all transcripts, minutes, recordings, and other evidence of closed meetings as well as require appellants to comply with TOMA in the future. At the hearing on the plea, appellants' counsel, who is also the assistant city attorney, represented that there were no recordings of the executive session but that a certified agenda, under seal, did exist. *See* TEX. GOV'T CODE ANN. § 551.103.

While making no comment on whether a violation has in fact occurred or any particular remedy that should be enforced should the trial court find a violation, we agree with Ramos. If a governmental body illegally deliberates and decides an issue in closed session, repealing the action so that it can be retaken in a later setting does not vindicate the very right

protected by TOMA. As stated by our supreme court: "Our citizens are entitled to more than a result. They are entitled not only to know what government decides but to observe how and why every decision is reached." *Acker*, 790 S.W.2d at 300. Accordingly, we conclude that Ramos's request for a declaration that appellants violated the statute, coupled with the potential remedy involving the certified agenda, establishes that this issue is not moot. We overrule the second issue.

In their third issue, appellants argue the trial court erred in denying their plea to the jurisdiction because no valid cause of action exists based upon subsequent ratification. Specifically, appellants argue that any TOMA violation can be ratified by and through subsequent action by a governmental entity. This issue was not raised in appellants' plea to the jurisdiction and, therefore, is not properly before this Court. *See* Tex.R.App. P. 33.1(a). Regardless, appellants' contention seems to be an extension of their mootness argument that we have previously rejected. Accordingly, we overrule the third issue.

We affirm the trial court's order.