October 6, 2008

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0668

Re: Whether certain posted agenda items satisfy
the notice requirements of the Open Meetings Act,
chapter 551, Government Code   (RQ-0696-GA)

Dear Senator Wentworth:

You ask whether certain posted agenda items satisfy the notice[1] requirements under the Texas Open Meetings Act, chapter 551, Government Code (the "Act").[2]  *See* TEX. GOV'T CODE ANN. ch. 551 (Vernon 2004 & Supp. 2008).  Your questions relate to section 551.041 of the Act, which requires that written notices of meetings held by a governmental body include the date, hour, place, and subject of each meeting. *See id.* § 551.041 (Vernon 2004). You are specifically concerned about the requisite specificity of the description of the *subject* of a meeting. *See* Request Letter, *supra* note 2, at 6.

## I.     Factual Background and Questions

You explain that the Corpus Christi City Council has for several years included "City Manager's Report," "Mayor's Update," and "Council and Other Reports" as items on the agenda for meetings of the governing body. *Id.* at 2. You tell us that the report by the city manager of the City of Corpus Christi ("City") is generally posted on the agenda as follows:

### CITY MANAGER'S REPORT

Upcoming items.

*Id.* In conjunction with this agenda item, you indicate that the city manager traditionally states, describes, and announces upcoming agenda items, the date and time for local meetings, the status

---

[1]This office has explained in previous opinions that the terms "agenda" and "notice" are often used interchangeably in discussions of the Open Meetings Act because of the common practice of posting the agenda as the notice or as an appendix to the notice. *See, e.g.,* Tex. Att'y Gen. Op. Nos. DM-473 (1998) at 3 n.10, DM-228 (1993) at 2 n.2.

[2]*See* Letter from Honorable Jeff Wentworth, Chair, Committee on Jurisprudence, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 6 (Apr. 4, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

of City department issues, the receipt of City awards, and the arrival of new department directors. *See id.*

You explain that the mayor's update and council report have traditionally been posted as follows:

> REPORTS
>
> The following reports include questions by Council to Staff regarding City policies or activities; request by Council for information or reports from Staff; reports of activities of individual Council members and Staff; constituent concerns; current topics raised by media; follow-up on Staff assignments; scheduling of future Council meetings and activities; and other brief discussions regarding city-related matters.
>
> MAYOR'S UPDATE
>
> COUNCIL AND OTHER REPORTS

*Id.* at 3–4. During the "Mayor's Update" and "Council and Other Reports," you relay that the governing body generally extends its gratitude to staff or other members of the public and advises the city manager of citizen complaints, the location of potholes needing repair, and City-related news and matters. *Id.* at 2, 4.

In light of these facts, you ask the following questions:

> (1)   Does the "City Manager's Report" provide adequate notice under the Open Meetings Act if the individual Council members do not engage in any discussion or take any action regarding these items, **or** does the Open Meetings Act require that every topic addressed by the City Manager during "City Manager's Report" be specifically listed on the Agenda?
>
> (2)   Do the "Mayor's Update" and "Council and Other Reports" provide adequate notice under the Open Meetings Act if the individual Council members provide the information, and the remaining Council members do not discuss further or take any consideration regarding these items, **or** does the Open Meetings Act require that every topic addressed by an individual Council member or Mayor during "Mayor's Update" and "Council and Other Reports" be specifically listed on the Agenda?

*Id.* at 6.

## II.     Analysis

We begin our analysis by providing an overview of relevant requirements of the Act. We then set out factors that may be relevant in determining whether a notice is adequate and the standard by which provisions of the Act should be construed. We next compare the notice at issue with those that have been determined by the courts to be inadequate under the Act. And, finally, we discuss when it is permissible to address a subject not included on a meeting notice and the extent to which such a subject may be addressed.

The Act requires that meetings of a governmental body, such as a city council, be preceded by written notice of the date, hour, place, and subject of the meeting. *See* TEX. GOV'T CODE ANN. § 551.041 (Vernon 2004); *see also id.* § 551.001(3)(C) (defining "governmental body" to include a municipal governing body) (Vernon Supp. 2008). The term "meeting" is defined as follows:

> (A)   a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or
>
> (B)   except as otherwise provided by this subdivision, a gathering:
>
>> (i)   that is conducted by the governmental body or for which the governmental body is responsible;
>>
>> (ii)   at which a quorum of members of the governmental body is present;
>>
>> (iii) that has been called by the governmental body; and
>>
>> (iv) at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control. . . .

*Id.* § 551.001(4)(A)–(B); *see also id.* § 551.001(2) (defining "deliberation").

In determining the adequacy of a particular notice, courts have considered various factors. A court will, for example, compare the content of the notice to the action taken at the meeting. *See Markowski v. City of Marlin*, 940 S.W.2d 720, 726 (Tex. App.—Waco 1997, writ denied). A court may also consider whether the notice departs from any customary practice where such custom establishes an expectation in the public about the subject of the meeting. *See River Rd.*

*Neighborhood Ass'n v. S. Tex. Sports*, 720 S.W.2d 551, 557 (Tex. App.—San Antonio 1986, writ dism'd). Whether the subject is of special interest to the public is also a factor that may impact the adequacy of a notice under the Act. *See Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 958–59 (Tex. 1986); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 179–81 (Tex. App.—Corpus Christi 1990, writ denied). Underlying these considerations is the fact that the provisions of the Act "are mandatory and are to be liberally construed in favor of open government." *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 467 (Tex. App.—Dallas 2007, no pet.).

We next consider instances in which the subject matter of a meeting has been determined to be inadequately described in a notice. In a 1986 case, the Texas Supreme Court considered a meeting notice that included general terms such as "personnel," "litigation," and "real estate matters." *Cox Enters., Inc.*, 706 S.W.2d at 957. After explaining that notice under the Act "should specifically disclose the subjects to be considered at the upcoming meeting" the court held that those general terms "did not provide full and adequate notice, particularly where the subject slated for discussion was one of special interest to the public." *Id.* at 959.

In a 2000 opinion, this office concluded that the generic notice "employee briefing sessions" was inadequate under the Act. *See* Tex. Att'y Gen. Op. No. JC-0169 (2000) at 6. The opinion reasoned that because a governmental body exercises control over its staff, it presumably can ascertain in advance what subjects will be addressed such that those subjects should be included in the meeting notice. *Id.* And in a 2001 case, this same reasoning was applied by the Austin Court of Appeals to "comments by members of the governmental body itself." *Hays County Water Planning P'ship v. Hays County*, 41 S.W.3d 174, 180 (Tex. App.—Austin 2001, pet. denied) (citing Tex. Att'y Gen. Op. No. JC-0169 (2000)).

In *Hays County Water Planning Partnership*, the Austin Court considered the following posting: "Presentation by Commissioner Russ Molenaar." *Id.* at 178. The court held that "'[p]resentation' is a vague description. There is nothing in the posting that would give a resident of Hays County any inkling of the *substance* of Molenaar's proposed presentation." *Id.* at 180. Use of the term fails "to inform a reader as a member of the interested public . . . of the topics to be addressed by Molenaar." *Id.*

Based on these cases and the standard to be used in construing the Act's provisions, we conclude the notice set out supra is inadequate as a matter of law. *See supra* p. 2; *City of Port Isabel v. Pinnell*, 207 S.W.3d 394, 406 (Tex. App.—Corpus Christi 2006, no pet.) (explaining that "[i]f the contents of a notice are undisputed, its adequacy is a question of law"); *City of Farmers Branch*, 235 S.W.3d at 467 (providing that the Act should be liberally construed in favor of open government). The general and generic nature of the notice does not sufficiently notify a reader, as a member of the interested public, of the subjects of the update and reports to be discussed at any particular meeting. And like the notices at issue in *Hays County Water Planning P'ship* and Attorney General Opinion JC-0169, the subjects to be addressed can presumably be ascertained by the governmental body in advance. *Hays County Water Planning P'ship*, 41 S.W.3d at 180; Tex. Att'y Gen. Op. No. JC-0169 (2000) at 6; *but see*, Tex. Att'y Gen. Op. No. JC-0169 (2000) at 4 (discussing "public comment" as

sufficient notice where, unlike with staff, the governmental body cannot predict the subject matter of citizen comments and questions).

Our conclusion here is not altered by the fact that the governing body does not, as you assert, "engage in any discussion" or "take any action regarding these items." Request Letter, *supra* note 2, at 6. Under the Act's definition of "meeting" a governmental body is subject to the Act, and its notice requirements, even when its members merely receive information about public business or public policy over which the body has supervision and control and do not engage in deliberations. *See* TEX. GOV'T CODE ANN. § 551.001(4)(B) (Vernon Supp. 2008); *Martin v. Victoria Indep. Sch. Dist.*, No. 13-01-096-CV, 2002 WL 34215930, at *3 (Tex. App.—Corpus Christi Aug. 8, 2002, no pet.) (not designated for publication) ("[A] governmental body is subject to the Act even if the members merely receive information and do not engage in deliberations among themselves or with a third party including an employee of the governmental body[.]").

You also ask whether every subject addressed by the city manager or governing body in a report or update must be specifically listed on the agenda. Request Letter, *supra* note 2, at 6. Because you raise section 551.042 of the Act as applicable to your questions, we presume you are inquiring about how this section might be applicable to a report or update delivered by the city manager or by a member of the governing body at a meeting. *See id.* at 1–2.

Section 551.042 provides the following:

> (a)  If, at a meeting of a governmental body, *a member of the public or of the governmental body* inquires about a subject for which notice has not been given as required by this subchapter, the notice provisions of this subchapter do not apply to:
>
> (1)  a statement of specific factual information given in response to the inquiry; or
>
> (2)  a recitation of existing policy in response to the inquiry.
>
> (b)  Any deliberation of or decision about the subject of the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent meeting.

TEX. GOV'T CODE ANN. § 551.042 (Vernon 2004) (emphasis added).

The purpose of section 551.042 is to authorize "a limited response to an inquiry about a subject not included in the posted notice while preventing" deliberations or decisions about the subject matter of the inquiry. *Hays County Water Planning P'ship*, 41 S.W.3d at 181. Thus, if a member of the governmental body is, for example, responding to an inquiry by a member of the public or a member of the governmental body arising from the delivery of a report or update, section

551.042 would authorize a statement of factual information or a recitation of existing policy in response to the inquiry, even where the subject was not included in the meeting notice. *Id.*; TEX. GOV'T CODE ANN. § 551.042(a) (Vernon 2004); *see also Gardner v. Herring,* 21 S.W.3d 767, 774 (Tex. App.—Amarillo 2000, no pet.) (holding that a spontaneous inquiry by a member of the governing body coupled with a recitation of factual and policy information did not violate the Act as it was authorized by section 551.042). To the extent authorized by section 551.042, not every subject addressed by the city manager or a member of the governing body must be specifically listed on the agenda. Other than a situation under section 551.042, which authorizes a limited response to certain inquiries, the subject of a report or update by city staff or a member of the governing body must be set out in the notice in a manner that informs a reader about the subjects to be addressed.

## S U M M A R Y

 The notice at issue does not sufficiently notify a reader, as a member of the interested public, of the subjects to be addressed at a meeting subject to the Open Meetings Act, Government Code chapter 551.

 Section 551.042 of the Act authorizes a limited response to inquiries of a member of the public or of the governmental body about a subject not included in the posted notice. To the extent that a subject is addressed by a city manager or a member of the governing body in the manner and under the circumstances authorized under section 551.042, it does not have to be included in a posted meeting notice.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee