02-10-169-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00169-CV 

 

 


 
 
 Mortgage Electronic Registration
 Systems, Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Mark Disanti
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM THE
16th District Court OF Denton
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

In
three issues, Appellant Mortgage Electronic Registration Systems, Inc. (MERS)
appeals the trial court’s grant of default judgment in favor of Appellee Mark DiSanti.  We vacate
the trial court’s judgment and dismiss the case.

II.  Factual and Procedural History

In April 2009, DiSanti, a
real-estate investor, purchased property located in a subdivision in Denton
County, Texas, at a foreclosure sale initiated by the subdivision’s Homeowner’s
Association.[2]  Linda Leal,
who initially owned the property—2356 Jaguar Drive in Frisco, Texas—had signed
a promissory note and deed of trust (collectively the Note)[3] with First Horizon Home Loans[4] to fund her purchase.  The Note listed the property as security and
named MERS
“beneficiary” of the agreement.[5]

On December 1, 2009, DiSanti
filed a petition seeking a declaration of MERS’s rights relative to the
property and requesting that a lien in favor of MERS based on the Note be
discharged and extinguished if MERS failed to answer or to verify the Note’s
validity.  On February 8, 2010, after
MERS failed to timely respond, DiSanti moved for a
default judgment.  On February 10, 2010,
the trial court signed a default judgment ordering that MERS’s interest in the
property be extinguished, awarding DiSanti $2,500 in
trial attorneys’ fees, and outlining prospective attorneys’ fees for appeals.

          On
March 5, MERS filed a motion for new trial and to set aside the default
judgment.[6]  In its
motion, MERS asserts that it is First Horizon’s nominee, but it also indicates
that it transferred its interest to Met Life Home Loans, a division of Met Life
Bank, at some point after Leal’s June, 22, 2009 default.[7]  Specifically
MERS states,

On or about June 22, 2009, Leal defaulted under the Note and Deed of
Trust and a Notice of Substitute Trustee’s Sale (“Notice”) was filed of record
in the Denton County Deed Records. 
Pursuant to the terms of the Notice, the
note and liens had been transferred and assigned from MERS to Met[L]ife Home Loans[,] a division of Met Life Bank N.A.
(“Met Life”).  [DiSanti]
is held to have constructive and actual notice of this transfer as it was filed
of record.  However, [DiSanti]
failed to give notice to MetLife of its lawsuit.[8] [Emphasis added.]

 

In its opening brief to this court, MERS states that
it assigned the deed of trust to Met Life in April 2009 “before DiSanti filed his petition against MERS and before default
was entered against MERS.”  In its reply
brief, MERS admits that the deed of trust assignment was not recorded until
April 13, 2010, more than two months after the trial court signed the default
judgment.  The date the substitute
trustee deed and deed of trust were recorded are
referenced in the parties’ testimony and briefs, but copies of the deeds are
not included in the record.

          Met
Life, which attempted to intervene after the trial court signed the default
judgment, stated in its plea in intervention that it was the current noteholder when DiSanti filed
suit on December 1, 2009, and that it should have been the proper party served
by DiSanti “since there was a notice of substitute
trustee sale that had been filed of record, stating [Met Life] was the noteholder at the time [DiSanti]
filed its Original Petition.”  The trial
court did not rule on Met Life’s plea in intervention.[9]  This appeal
followed.

III.  Mootness
Doctrine 

          The mootness
doctrine prevents courts from rendering advisory opinions, which are outside
the jurisdiction conferred by article II, section 1 of the Texas
Constitution.  See Valley Baptist Med. Ctr. v. Gonzalez,
33 S.W.3d 821, 822 (Tex. 2000).  A
controversy must exist between the parties at every stage of the legal
proceeding, including the appeal.  Bd.
of Adjustment of City of San Antonio v. Wende, 92
S.W.3d 424, 427 (Tex. 2002); McClure v. JPMorgan Chase Bank, 147 S.W.3d
648, 651 (Tex. App.—Fort Worth 2004, pet. denied).  An issue may become moot when a party seeks a
ruling on some matter that, when rendered, would not have any practical legal
effect on a then-existing controversy.  See In re H&R Block Fin. Advisors, Inc.,
262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); City of Farmers Branch v. Ramos, 235
S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.).  When an appeal is moot, we must set aside the
judgment and dismiss the cause.  McClure, 147 S.W.3d at 651; City of Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 371 (Tex.
App.—Fort Worth 2001, no pet.).

IV.  Analysis

          Though at the time of DiSanti’s purchase MERS held an interest in the property,
all three parties involved—MERS, Met Life, and DiSanti—agree
that at the time DiSanti filed suit, MERS had
assigned its interest to Met Life.  See  Tex. R. App. P. 38.1(g) (“In a civil
case, the court will accept as true the facts stated unless another party contradicts
them.”).  The assignment extinguished
MERS’s rights in the property.  MG Bldg. Materials, Ltd. v. Moses Lopez
Custom Homes, Inc., 179 S.W.3d 51, 57 (Tex. App.—San Antonio 2005, pet.
denied) (recognizing that an assignment transfers a right or interest from one
party to another); Luker v. Arnold, 843 S.W.2d 108, 120 (Tex.
App.—Fort Worth 1992, no writ) (noting that absent a specified effective date,
an assignment is effective upon signing). 
Because MERS no longer had any right to the property at the time DiSanti filed suit, DiSanti’s
requests for declaratory and default judgments against MERS, even if granted,
have no practical legal effect on DiSanti’s rights to
the property.  Thus, the issue between
the parties is moot.  See Meeker v. Tarrant Cnty.
Coll. Dist., 317 S.W.3d 754, 760 (Tex. App.—Fort Worth 2010, pet. filed)
(stating an issue is moot when “one seeks judgment on some matter which, when
rendered for any reason, cannot have any practical legal effect on a
then-existing controversy.”); see also Love Terminal Partners, L.P. v. City of
Dallas, 256 S.W.3d
893, 896 (Tex. App.—Dallas 2008, no pet.) (same).  We therefore hold that MERS’s
appeal is moot.

V. 
Conclusion

Having
held that MERS's appeal is moot, we vacate and set aside the trial court's
judgment, and dismiss this case for lack of subject-matter jurisdiction. See
Tex. Foundries, Inc. v. Int'l Moulders & Foundry
Workers' Union, 151 Tex. 239, 241, 248 S.W.2d 460, 461 (1952) (stating that
“when a case becomes moot on appeal, all previous orders are set aside by the
appellate court and the case is dismissed” and that merely dismissing the
appeal “would have the effect of affirming the judgment of the lower court
without considering any assignments of error thereto”).

 

 

 

BOB MCCOY
JUSTICE

 

PANEL:  DAUPHINOT, WALKER,
and MCCOY, JJ.

 

DELIVERED:  January 27, 2011











          [1]See Tex. R. App. P. 47.4.





[2]The record
indicates that the deed conveying the property to DiSanti
was recorded in Denton County, Texas, on April 13, 2009.





[3]The Note was recorded in Denton County, Texas, on September 7, 2007.





[4]First
Horizon is a division of Tennessee Bank National Association.





[5]MERS, developed by
the “real estate finance industry,” facilitates the sale and resale of
instruments in the secondary mortgage market. 
See MERSCORP, Inc. v. Romaine, 861 N.E.2d 81,
83 (N.Y. 2006).  MERS contracts
with lenders to track security instruments in return for an annual fee.  Id.





[6]In
its motion, MERS asserts that it is First Horizon’s nominee, but at the time DiSanti filed suit, the Note had already been transferred
to Met Life.





[7]Both MERS and Met
Life indicate that the Note was assigned to Met Life prior to DiSanti’s December 1, 2009 filing date.





[8]MERS
also made this argument at the hearing on its motion for new trial, stating,

One other very important thing to note
here, Your Honor—one other very important thing to note that is quite
significant is that when Mr. DiSanti filed this
lawsuit last year, December of ’09, MERS had actually—there was a Notice of
Substitute Trustee’s Deed that had been filed of record here in Denton County
back in June of ’09 stating on that Notice of Substitute Trustee’s Deed that
the loan had been assigned from MERS to MetLife . . .
. In this instance, it actually should have been MetLife, but instead he sued
MERS.

Per the trial court’s docket
entry on May 25, 2010, MERS’s motion was denied.





[9]The
trial court also did not rule on the plea in intervention filed by Kingman
Holdings, L.L.C.  Kingman asserted an
interest as purchaser of the property from DiSanti on
February 15, 2010.  Kingman is not party
to this appeal.