**AFFIRM; and Opinion Filed July 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01174-CV

**MARK BAKER, Appellant**

**V.**

**THE CITY OF FARMERS BRANCH, TEXAS; WILLIAM GLANCY, IN HIS OFFICIAL CAPACITY; FLOYD JEFF FULLER, IN HIS OFFICIAL CAPACITY; KIRK CONNALLY, IN HIS OFFICIAL CAPACITY; ANA REYES, IN HER OFFICIAL CAPACITY; BEN ROBINSON, IN HIS OFFICIAL CAPACITY, AND HAROLD FROEHLICH, IN HIS OFFICIAL CAPACITY, Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-08249**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

Mark Baker appeals a final take-nothing judgment rendered against him on his application for temporary and permanent injunctive and declaratory relief for alleged violations of the Texas Open Meetings Act by the City of Farmers Branch and its council. In two issues, Baker argues that the trial court erred because (1) the City's notice of the meeting did not comply with the Open Meetings Act, and (2) the council agreed to settle a lawsuit in secret and "merely rubberstamped" the settlement in the open meeting. We issue this memorandum opinion because the issues are settled in law. TEX. R. APP. P. 47.2(a), .4. We affirm the trial court's judgment.

BACKGROUND

This appeal arises from the City's settlement of a Voting Rights Act lawsuit alleging discrimination in the City's at-large method of electing its council members. *Fabela v. City of Farmers Branch*, No. 3:10-cv-1425-D, 2012 WL 3135545 (N.D. Tex. 2012). After the federal district court ordered the City to implement a single member district plan for the election of its council members, the City appealed. While the appeal was pending, the City gave notice that its council would discuss the *Fabela* litigation in closed executive session during its July 2013 meeting. During that meeting, the council went into closed session. When the council came back into open session, the council voted to approve a settlement in the *Fabela* lawsuit. The terms of the settlement required the City to dismiss the appeal and pay plaintiffs $240,000.[1]

Upon learning of the settlement, Baker filed this lawsuit complaining that the meeting notice was insufficient under the Open Meetings Act. At the hearing on Baker's application for temporary injunction, the trial court concluded that the notice was sufficient under the Open Meetings Act, rendered a take-nothing judgment against Baker, and dismissed Baker's claims with prejudice. This appeal followed.

## STANDARD OF REVIEW

The contents of the meeting notice are not disputed. Accordingly, whether the trial court properly concluded that the notice did not violate the Open Meetings Act is a question of law that we review de novo. *See Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.—Austin 2002, pet. denied).

---

[1] In June 2013, the federal district court had granted the plaintiffs' application for attorney's fees and costs in the total amount of $269,125. *Fabela v. City of Farmers Branch*, No. 3:10-cv-1425-D, 2013 WL 2655071, at *1 (N.D. Tex. 2013).

**APPLICABLE LAW**

The Open Meetings Act requires a governmental body to conduct its business in meetings that are open to the public and to "give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN. §§ 551.002, .041 (West 2012); *Cox Enters., Inc. v. Bd. of Trustees of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 958 (Tex. 1986). Exceptions to this open meeting requirement include private consultations with the governmental body's attorney about pending or contemplated litigation, a settlement offer, or "a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with this chapter." TEX. GOV'T CODE ANN. § 551.071; *Cox Enters.*, 706 S.W.2d at 958.

The supreme court has explained that the written notice of a meeting must "specifically disclose the subjects to be considered" and alert the reader "to the topic for consideration." But it has also stated that "it is not necessary to state all of the consequences which may flow from consideration of the topic" or to divulge strategy regarding specific litigation. *Cox Enters.*, 706 S.W.2d at 958–59. For example, broad statements that a governmental body will consider "litigation" or "personnel" in closed sessions is not sufficient to alert the public that the governmental body will consider "a major desegregation lawsuit" or that it would select a new school superintendent during the closed session. *Id.*

The purpose of the notice requirement is to "enable public access to and to increase public knowledge of government decisionmaking." *City of San Antonio v. Fourth Ct. of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991). The notice serves "to provide 'openness at every stage of [a governmental body's] deliberations.'" *Id.* (quoting *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990)).

DISCUSSION

The contents of the notice at issue in this case are undisputed. The notice contained the following information about the closed session for the July 2013 meeting:

J.      EXECUTIVE SESSION

J.1     TMP-0171     Consultation with City Attorney regarding pending litigation - Texas Government Code Section 551.071:

. . .

(b) Discuss pending litigation relating to Fabela, et. al v. City of Farmers Branch, et. al.[sic], Civil Action No. 3:10-CV-1425-D in the US Dist Ct. for the Northern District of Texas (Dallas Division).

. . .

Baker contends that this notice was not sufficient. He argues that the Open Meetings Act required the notice to provide more information than that the council would be considering "pending litigation" and that it should have stated that the council would discuss settlement of the lawsuit, dismissing the appeal, and paying $240,000 to plaintiffs. We disagree.

The notice identified the section of the Open Meetings Act giving it authority to go into closed session, stated that it would discuss "pending litigation" related to the *Fabela* lawsuit, and identified the lawsuit by name, case number, and court in which the lawsuit was pending. This notice was more specific than the general notice that "litigation" would be discussed, and it alerted the public to the specific lawsuit that would be discussed in the closed session. *See id*. at 959. Additionally, the law does not require the notice to disclose strategies that might be discussed in the closed session. *See id*. Baker contends that the "fact of settlement" is not strategy, but he does not cite any authority for the proposition that "strategy" does not include settlement discussions. And whether to settle a lawsuit is the type of private consultation allowed under the Open Meetings Act. TEX. GOV'T CODE ANN. § 551.071(1)(B). To require the notice in this case to state specifically that settlement would be discussed including dismissing

the appeal and paying the plaintiffs $240,000 would defeat the purpose of the provision which authorizes private consultations between the governmental body and its attorney about pending litigation and settlement offers. *See Lone Star Greyhound Park, Inc. v. Tex. Racing Comm'n*, 863 S.W.2d 742, 747 (Tex. App.—Austin 1993, writ denied).

Baker also argues that notice under subsection (1)(A) regarding "pending litigation" is insufficient to constitute notice under subsection (1)(B) regarding "settlement offers." *See* TEX. GOV'T CODE ANN. § 551.071(1)(A)&(B). Assuming without deciding that this issue was preserved below, Baker does not cite any authority to support this argument. Additionally, the notice in this case was not limited to subsection (1)(A); it stated that the closed session would be called pursuant to section 551.071, which includes both "pending litigation" and "offers of settlement."

We conclude that the notice satisfied the requirements of the Open Meetings Act. We resolve issue one against appellant.

In issue two, Baker argues that the settlement had already been reached prior to the closed session and that the council "merely rubberstamped" the settlement in open session. Citing our opinion in *City of Farmers Branch v. Ramos*, 235 S.W.3d 462 (Tex. App.—Dallas 2007, no pet.), he argues that the vote was made in violation of the Open Meetings Act. *Ramos* does not apply here because that case involved a plea to the jurisdiction and whether the plaintiff had asserted allegations sufficient to state a claim under the Open Meetings Act. *Id*. at 465, 467–68. That is not the issue in this case.

Baker does not dispute that the council voted in open session in its July 2013 meeting to approve the settlement. But he contends that the vote actually took place prior to that meeting and not in an open session. To support his argument, he cites the city manager's testimony that "we had an agreement in principle before July 1st." He argues that this testimony shows that

"the 'agreement in principle' must have come outside the confines of a regular City Council meeting" because there was no notice that the council would discuss settlement offers in an executive session during its meeting the month before and there was no vote to approve a settlement in that earlier meeting. But he does not explain how the city manager's knowledge of an "agreement in principle" shows that the council approved the settlement outside of its regular meeting. And he does not cite any evidence that the council knew about, discussed, or voted on the settlement agreement before the July 2013 meeting.

The Open Meetings Act does not prohibit the council members from expressing in a closed session how they intend to vote when they go back into open session. *Tex. State Bd. of Public Accountancy v. Bass*, 366 S.W.3d 751, 762 (Tex. App.—Austin 2012, no pet.) (discussing cases concluding similarly). Baker bore the burden to prove the council acted improperly, and we conclude that he did not satisfy his burden. *See id.* We resolve issue two against appellant.

## CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131174F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK BAKER, Appellant

No. 05-13-01174-CV        V.

THE CITY OF FARMERS BRANCH, TEXAS; WILLIAM GLANCY, IN HIS OFFICIAL CAPACITY; FLOYD JEFF FULLER, IN HIS OFFICIAL CAPACITY; KIRK CONNALLY, IN HIS OFFICIAL CAPACITY; ANA REYES, IN HER OFFICIAL CAPACITY; BEN ROBINSON, IN HIS OFFICIAL CAPACITY; AND HAROLD FROEHLICH, IN HIS OFFICIAL CAPACITY, Appellees

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-13-08249.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees City of Farmers Branch, Texas; William Glancy, In His Official Capacity; Floyd Jeff Fuller, In His Official Capacity; Kirk Connally, In His Official Capacity; Ana Reyes, In Her Official Capacity; Ben Robinson, In His Official Capacity; and Harold Froehlich, In His Official Capacity recover their costs of this appeal from appellant Mark Baker.

Judgment entered this 15th day of July, 2014.