

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00097-CV

Brian **MCENERY**,
Appellant

v.

**CITY OF SAN ANTONIO** and Chief Charles N. Hood,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-06603
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:         Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  June 1, 2016

DISMISSED FOR WANT OF JURISDICTION

This is an appeal from a trial court's order confirming an arbitration award that denied appellant Brian McEnery's grievance against the City of San Antonio ("the City"). On appeal, McEnery argues the trial court erred in confirming the award because the arbitrator's decision was capricious and not supported by substantial evidence. Because this case no longer presents a live controversy, we conclude the appeal is moot and dismiss it for want of jurisdiction.

## BACKGROUND

After serving for approximately sixteen years as a firefighter for the City, McEnery was promoted to the rank of captain in 2006. As captain, McEnery sometimes served as acting district chief. In 2010, he started the promotional examination process for the rank of district chief.[1] The process consisted of two parts: (1) a written examination; and (2) a practical examination, commonly referred to as the assessment center portion, which itself is made up of three parts. McEnery passed the written examination and two of the three parts of the assessment center portion; however, he was not promoted to district chief.

McEnery filed a grievance, alleging the assessment center portion of the exam was not given in accordance with Chapters 143 and 174 of the Texas Local Government Code ("the Code") and the collective bargaining agreement ("CBA") in effect at that time. McEnery argued that as a result, he did not receive a promotion to district chief and requested his results be set aside and a new assessment center portion be conducted in accordance with Chapters 143 and 174 of the Code and the CBA. Thereafter, McEnery's grievance was arbitrated pursuant to the procedures of the CBA. After a hearing, the arbitrator denied McEnery's grievance, finding "there was no convincing evidence or testimony that the test given was faulty or flawed or in any way contrary to [Chapters] 143 and 174 of the TLGC ["the Code"]."

McEnery then filed suit against appellees, the City and Fire Chief Charles N. Hood (collectively "the City"), ultimately seeking to vacate the arbitration award. In his live pleading, McEnery challenged the arbitrator's decision on the basis that it was capricious and not supported by substantial evidence because the assessment center portion of the exam was not given in

---

[1] The record reflects McEnery also went through the promotional exam process is 2009, but he was not promoted to district chief at that time. As a result, he filed a grievance against the City, which was arbitrated and subsequently denied. McEnery then filed a lawsuit in federal district court. That lawsuit ultimately resulted in summary judgment in favor of the City.

accordance with the Code or the CBA. McEnery requested the trial court order the City to allow the firefighters who did not receive a promotion to retake the assessment center portion of the exam, and thereafter promote those who would have received a promotion based on their new test results. McEnery also requested an award of retroactive back pay for himself and the other promoted firefighters. International Association of Firefighters Local 624 ("the Union") filed a plea in intervention, seeking to uphold the terms of the CBA and requesting the trial court deny McEnery's demand to allow the firefighters to retake the assessment center portion of the exam. During the pendency of the suit, McEnery was promoted to district chief.

After a bench trial, the trial court rendered judgment denying all of McEnery's requests for relief and confirming the arbitration award. This appeal followed.

## ANALYSIS

On appeal, McEnery contends the trial court erred in confirming the arbitration award because the arbitrator's decision was capricious and not supported by substantial evidence. In response, the City argues the trial court did not err because the arbitrator's decision was not capricious and was supported by substantial evidence. The City also argues this court lacks jurisdiction to consider this appeal because: (1) McEnery's complaint is moot because he was promoted to district chief during the pendency of this suit; and (2) McEnery's notice of appeal was untimely. We agree with the City that we lack jurisdiction over this appeal because it is moot.

### *The Mootness Doctrine – Applicable Law*

We, as an appellate court, are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). The mootness doctrine prevents courts from rendering advisory opinions by requiring courts to decide issues that present "live" controversies at the time of the decision. *In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex. App.—El Paso 2014, pet. denied); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex.

App.—Dallas 2007, no pet.). According to the Texas Supreme Court, "[a] case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties — that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000). Stated differently, a case is moot when a court's action on the matter would not have any practical legal effect on the controversy. *City of Farmers Branch*, 235 S.W.3d at 469.

### *The Mootness Doctrine – Application*

Here, McEnery argues the arbitrator's decision was capricious and not supported by substantial evidence because the City did not give the assessment center portion of the exam in accordance with Chapters 143 and 174 of the Code and the CBA. As a result, he asked the trial court to vacate the arbitration award and order the City to permit him to retake the assessment center portion of the exam, and thereafter promote him based on the new results. However, it is undisputed McEnery was promoted to district chief during the pendency of this suit. Thus, vacating the award and ordering the City to allow McEnery to retake that portion of the exam to determine whether he should be promoted would have no practical effect. *See City of Farmers Branch*, 235 S.W.3d at 469; *see also Texas A & M University-Kingsville v. Yarbrough*, 347 S.W.3d 289, 291 (Tex. 2011) (holding that challenge to lawfulness of grievance procedures by associate professor who did not receive tenure was moot after she was awarded tenure); *Seals v. City of Dallas*, 249 S.W.3d 750, 755 (Tex. App.—Dallas 2008, no pet.) (holding that after promotion, firefighter's issue regarding her qualification to be promoted to senior fire prevention officer was moot). And although McEnery continues to question whether the assessment center portion of the exam complied with the Code and the CBA, "that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *See Yarbrough*, 347 S.W.3d at 291 (citing

*Alvarez v. Smith*, 558 U.S. 87 (2009)). Accordingly, because McEnery's case no longer presents a live controversy as a result of his promotion to district chief, we conclude this appeal is moot.

McEnery, however, argues his promotion to district chief does not moot the appeal because his request to allow his colleagues to retake the exam and his request for back pay are still pending and justiciable. Therefore, according to McEnery, a live controversy still exists. We disagree.

A review of the record reflects that neither of the foregoing requests pointed to by McEnery were sought by McEnery during arbitration. *See Garza/Phelps Dodge Refining Corp. v. Phelps Dodge Refining Corp./Garza*, 262 S.W.3d 514, 519-20 (Tex. App.—El Paso 2008, no pet.) (holding because party did not seek back pay until after modification of award deadline passed, trial court had no authority to consider requests for relief). In his grievance, McEnery specifically requested that his results from the assessment center portion of the exam be set aside and a new exam be conducted. During the arbitration hearing, McEnery clarified his request by stating he would like to "be made a – a district fire chief [or, in the alternative] that the results of the 2010 assessment center be thrown out." He repeated this request during his closing argument at the hearing. Although we note that at one point during the hearing, he stated "or you could promote everybody," it is clear McEnery sought either to be promoted or have his exam results set aside and be provided with the opportunity to retake an exam that complies with the Code or the CBA. Because McEnery did not seek these additional requests regarding his colleagues and back pay during arbitration, we conclude the trial court would have been without authority to award them. *See id.* As a result, we hold these requests do not vitiate our holding that the appeal is moot.

## CONCLUSION

Based on the forgoing, we hold McEnery's promotion to district chief during the pendency of this suit renders his appeal challenging the arbitration award moot. Accordingly, we dismiss his appeal for want of jurisdiction.

Marialyn Barnard, Justice