

# NUMBER 13-17-00496-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SANDRA MARIBEL ARROYO,** **Appellant,**

**v.**

**CRISTO REY GARZA,** **Appellee.**

### On appeal from the County Court at Law No. 5
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Chief Justice Valdez

By one issue, appellant Sandra Maribel Arroyo asserts that "the trial court lacked subject matter jurisdiction" over this forcible-detainer action "because the question of ownership to the property remains unresolved, and the trial court is legally unauthorized to resolve land title disputes." Appellee Cristo Rey Garza has filed a motion to dismiss this appeal on grounds that the issue presented here has become moot. Garza asserts

that any questions pertaining to ownership of this property has been resolved in his favor. *See Arroyo v. Garza*, No. 13-16-00633-CV, 2018 WL 3583789, at *1 (Tex. App.—Corpus Christi July 26, 2018, no pet. h.) (mem. op.); *Arroyo v. Garza*, No.13-15-00211-CV, 2015 WL 9487259, at *1 (Tex. App.—Corpus Christi Dec. 29, 2015, no pet.) (mem. op.).

Appellate courts are prohibited from deciding a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.) (noting that a court may only decide issues presenting "a live controversy at the time of the decision"). If a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome at any stage, the case becomes moot. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). If a proceeding becomes moot, the court must dismiss the proceeding for want of jurisdiction. *See id.*

The Court, having examined and fully considered appellant's brief, the documents on file, and appellee's motion to dismiss, is of the opinion that this appeal has been rendered moot. Accordingly, we grant appellee's motion and dismiss the appeal as moot. All pending motions, if any, are likewise dismissed as moot.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
9th day of August, 2018.