**DISMISS Opinion Filed October 6, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-19-00588-CV**
_____

**IN RE BRADLEY SCOTT KIDWELL DBA MCKINNEY VINTAGE MARKET DBA KIDWELL AND COMPANY, AND ALL OTHER OCCUPANTS, Relators**

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-00207-2019**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Relator Bradley Scott Kidwell appeals the dismissal of his petition for writ of mandamus in the county court at law. Kidwell's petition sought a writ directing a justice of the peace to vacate orders entered in three underlying forcible entry and detainer actions. Respondent Judge Paul Raleeh filed a motion to dismiss this appeal due to mootness. Because we agree this appeal is moot, we dismiss this case for lack of jurisdiction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

Kidwell obtained a line of credit secured by three commercial properties from Haddington Fund, LP. After a dispute arose, Haddington foreclosed on the properties. Kidwell filed suit in a district court disputing the foreclosure. Haddington filed petitions in a justice of the peace court for forcible entry and detainer against Kidwell, relating to the three properties. Haddington and Kidwell entered into a Rule 11 agreement to abate the three forcible detainer suits until the foreclosure suit was decided. That agreement provided Kidwell would deposit $10,000 into the registry of the justice of the peace each month. After the foreclosure suit concluded, the justice of the peace, Judge Raleeh, conducted trials of the forcible detainer actions and ultimately signed eviction orders in all three, which awarded possession to Haddington. Those orders also awarded the balance in the court's registry, totaling $200,000, to Haddington as "back rent," and set an appeal bond in the amount of $20,000.

Kidwell filed a petition for a writ of mandamus in the county court at law "directing Judge Raleeh and the Justice Court . . . to vacate the January 14, 2019 Eviction Order with regard to rentals, the distribution of the $200,000.00 to Haddington, and the $20,000-bond." Judge Raleeh moved to dismiss the petition pursuant to rule 91a and sought the alternative relief of a plea to the jurisdiction. Judge Raleeh's motion argued Kidwell had an adequate remedy by appeal and had been "vigorously exercising his various rights to appeal." The county court at law

granted Judge Raleeh's motion and signed an order denying Kidwell's petition and dismissing the case. Kidwell now appeals that order.

<h2 style="text-align:center">JURISDICTION</h2>

As a preliminary matter, we address Judge Raleeh's motion to dismiss. In his motion, Judge Raleeh argues this appeal is moot because events subsequent to the order dismissing Kidwell's petition have rendered the relief sought therein moot. A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, which in reality does not exist or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.). If a case is or becomes moot, the court must dismiss the case for want of jurisdiction. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012).

The only relief sought by Kidwell in the mandamus petition was to vacate the orders distributing $200,000 to Haddington and to challenge the amount of the appeal bond. However, Judge Raleeh asserts, and Kidwell admits in response to the motion to dismiss, that the $200,000 was released to the Haddington Fund the day after the county court at law dismissed Kidwell's petition. Additionally, in the sur-reply to Judge Raleeh's motion to dismiss, Kidwell admits he non-suited his appeal

of the county court at law's denial of his sworn statement of inability to pay the appeal bond but asserts he has filed direct appeals of the eviction orders.

In this appeal, Kidwell seeks to vacate an order granting money that has already been paid to Haddington who is not a party to these mandamus proceedings and challenging an appeal bond when he has already nonsuited his appeal of the denial of his inability to pay that bond. Therefore, any judgment of this Court on the merits of Kidwell's appeal would have no practical legal effect on a then-existing controversy. *See Ramos*, 235 S.W.3d 462, 469. Accordingly, we agree this case is moot, grant Judge Raleeh's motion, and dismiss this case for lack of jurisdiction. *See Heckman*, 369 S.W.3d at 162.

## CONCLUSION

We dismiss this appeal for lack of jurisdiction.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190588F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE BRADLEY SCOTT KIDWELL DBA MCKINNEY VINTAGE MARKET DBA KIDWELL AND COMPANY, AND ALL OTHER OCCUPANTS, Relators

On Appeal from the County Court at Law No. 7, Collin County, Texas
Trial Court Cause No. 007-00207-2019.
Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that respondent recover his costs of this appeal from relators BRADLEY SCOTT KIDWELL DBA MCKINNEY VINTAGE MARKET DBA KIDWELL AND COMPANY, AND ALL OTHER OCCUPANTS.

Judgment entered this 6th day of October 2021.