# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00276-CV

**J. Ray (Tex) Riley, Appellant**

**v.**

**Commissioners Court of Blanco County, Texas; Paul Granberg; Bill Guthrie; Chris Leismann; James Sultemeier; and John F. Wood, Appellees**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT NO. CV 07075, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## O P I N I O N

When deciding whether to purchase property in Johnson City, Texas, the Commissioners Court of Blanco County (the "Commissioners Court") held three meetings that were closed to the public but were tape recorded. After conducting the meetings, the Commissioners Court convened an open meeting and adopted a resolution authorizing the purchase of the property. Subsequent to the passage of the resolution, J. Ray (Tex) Riley filed an open-records request seeking copies of the recordings of the three closed meetings, but the Commissioners Court ultimately denied that request.

In response to the Commissioners Court's decision, Riley filed a lawsuit alleging violations of the Texas Open Meetings Act, seeking various declarations, requesting mandamus and injunctive relief, and asking that copies of the recordings of the closed meetings be made available to him and to the public. This suit was filed against the Commissioners Court as well as

commissioners of the Court during the relevant time period in their official capacities. Those individuals were Paul Granberg, Bill Guthrie, Chris Leismann, James Sultemeier, and John F. Wood (the "Commissioners").

In response, the Commissioners Court as well as the Commissioners filed a plea to the jurisdiction contending that Riley's open-meetings claims against the Commissioners Court were barred by governmental immunity. In addition, in their plea, the Commissioners Court and the Commissioners urged that the district court did not have jurisdiction over Riley's declaratory claims because those claims were redundant of his open-meetings claims. Finally, the Commissioners Court and the Commissioners asserted that the district court did not have jurisdiction over Riley's mandamus and declaratory claims because Riley failed to properly present those claims to the Commissioners Court before filing suit. *See* Tex. Loc. Gov't Code Ann. § 89.004 (West 2008) (governing presentation of claims against county or county official in official capacity).

After convening a hearing regarding the plea, the district court granted the plea on all of the bases alleged and dismissed for lack of subject-matter jurisdiction all of Riley's claims against the Commissioners Court as well as his declaratory and mandamus claims against the Commissioners. Subsequent to the district court's ruling, Riley filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2012) (authorizing interlocutory appeals of orders granting or denying pleas to jurisdiction filed by governmental unit); *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007) (equating state official sued in official capacity with governmental entity under subsection 51.014(a)(8)).

On appeal, Riley challenges the district court's granting of the plea to the jurisdiction by arguing that his claims against the Commissioners Court are not barred by governmental

immunity, that his declaratory-judgment requests are not redundant of his other claims, and that the presentment provision relied upon by the Commissioners Court and the Commissioners does not apply to the current suit.

*The Open Meetings Act Waives Immunity*

As mentioned above, Riley asserts that the district court erred by granting the plea with respect to his open-meetings claims because the Commissioners Court is not immune from his suit. In supporting the district court's ruling, the Commissioners Court asserts that Riley's claims against it are ultra-vires claims because they contend that the Commissioners Court violated the open meetings act. Accordingly, the Commissioners Court asserts that those claims may not be brought against it and may only be brought against government officials in their official capacities. *See Texas Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258-59 (Tex. 2010) (stating that ultra vires suits "may not be brought against a governmental unit possessed of sovereign immunity, but must be brought against the allegedly responsible government actor in his official capacity"); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-73 (Tex. 2009) (explaining that "governmental entities themselves—as opposed to their officers in their official capacity—[are] immune from" ultra vires suits). After asserting that Riley's claims are ultra vires and may not be pursued against the Commissioners Court, the Commissioners Court contends that the provision of the open meetings act relied on by Riley when pursuing his open-meetings claims supports this proposition because that provision specifies that an "interested party . . . may bring an action by mandamus or injunction to stop, prevent, or reverse a violation . . . by *members* of a governmental body." *See* Tex. Gov't Code Ann. § 551.142(a) (West 2012) (emphasis added).

3

For the reasons that follow, we disagree with the Commissioners Court. While it is true that suits alleging ultra-vires claims must be brought against government officials and may not be pursued against government entities when the entity is immune from suit, the prohibition against filing suit against a government entity does not apply when the legislature has waived the entity's immunity. Although the Commissioners Court correctly points out that a provision of the open meetings act authorizes actions against members of a governmental body, this Court has explained that the open meetings act waives immunity for violations of the act and authorizes suits against governmental bodies. *See Hays Cnty. v. Hays Cnty. Water Planning P'ship*, 69 S.W.3d 253, 257-58 (Tex. App.—Austin 2002, no pet.) (explaining that petition gave fair notice of claims and overcame county's assertion of immunity); *City of Austin v. Savetownlake.org*, No. 03-07-00410-CV, 2008 Tex. App. LEXIS 6471, at *17 (Tex. App.—Austin Aug. 22, 2008, no pet.) (mem. op.) (explaining that open meetings act "expressly waives sovereign immunity to allow interested persons . . . to bring suit against a governmental body to reverse a prior violation of the act"); *see also Gillium v. Santa Fe Indep. Sch. Dist.*, No. 01-10-00351-CV, 2011 Tex. App. LEXIS 3607, at *19 (Tex. App.—Houston [1st Dist.] May 12, 2011, no pet.) (mem. op.) (concluding that trial court erred by dismissing open-meetings case filed against school district because petition alleged open-meetings violation and "immunity is waived for such claims"); *cf.* Tex. Gov't Code Ann. §§ 551.001(3) (defining governmental body as including "a county commissioners court"), 551.104(b) (empowering district courts to order that "governmental body make available to the public" recording of closed meeting), 551.141 (West 2012) (stating "action taken by a governmental body" in violation of open meetings act is voidable).

4

For that reason, we believe that the district court erred by granting the plea with respect to Riley's open-meetings claims against the Commissioners Court. Accordingly, we sustain Riley's first issue challenging the district court's dismissal of his open-meetings claims pertaining to the Commissioners Court.[1]

*Riley's Declaratory Claims Are Redundant of his Open Meetings Claims*

In his second issue, Riley urges that the district court erred by granting the plea and dismissing his declaratory-judgment action on the ground that it was redundant of his open-meetings claims.

Regarding his open-meetings allegations, Riley presents four claims. In the first claim of Riley's petition, Riley alleged that the Commissioners Court and the Commissioners violated the open meetings act by providing inadequate notice of their closed meetings, that the absence of notice prohibited the Commissioners Court from properly holding a closed meeting, and that the recordings of the meetings should be made available to the public because the recorded meetings were not properly closed to the public. In his second claim, Riley alleged that the three closed meetings did not fall under the statutory exception allowing closed meetings under certain circumstances when the meeting concerns the purchase of real property, and Riley also sought mandamus and injunctive relief to "stop, prevent, or reverse past, present, and future violations" of the open meetings act. *See* Tex. Gov't Code Ann. § 551.072 (West 2012). In his third claim, Riley requested the district court

---

[1] In his first issue, Riley also challenged the district court's decision to dismiss his declaratory claims against the Commissioners Court. Given our conclusion in the next section that the declaratory relief that Riley sought is redundant of his open-meetings claims, we need not address whether the district court erred by concluding that the declaratory claims were barred by sovereign immunity.

to find that the Commissioners Court's decision to close the meetings violated the open meetings act and was a voidable act. *See id.* § 551.141 (explaining that actions taken by governmental body in violation of open-meetings requirements are voidable). In his final claim, Riley urged the district court to determine that the Commissioners Court's actions violated the provision of the open meetings act requiring that a final vote "on a matter deliberated in a closed meeting . . . may only be made in an open meeting that is held in compliance with the notice provisions." *See id.* § 551.102 (West 2012).

In his third claim, Riley does request a declaration, but his declaratory request seems to be referencing relief that would be provided in the final judgment if his open-meetings claims are successful. In particular, Riley requested the district court to declare that the Commissioners Court's decision to close the meetings violated the open meetings act, to declare that those actions are void, and to reverse those actions. Riley only explicitly referenced the declaratory judgments act in his fourth claim. Accordingly, that claim is arguably the only one seeking declaratory relief under the act. In any event, his request for declaratory relief is intertwined with his open-meetings arguments. Specifically, Riley asked the district court to declare that the Commissioners Court's action violated the provision of the open meetings act requiring that a final vote be made in an open meeting that was called in compliance with the governing notice requirements and to declare the rights of the parties "in respect of the matters complained of herein."

In light of the relief sought under his declaratory claims, we must conclude that those claims are redundant of the relief sought under the open meetings act.[2] *See Universal Printing Co.*

---

[2] On appeal, Riley argues that the district court erred by dismissing his declaratory claims as redundant because many cases have allowed people to seek declaratory relief regarding the

*v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet.

denied) (explaining that "[t]here is no basis for declaratory relief when a party is seeking in the same

action a different, enforceable remedy, and a judicial declaration would add nothing to what would

be implicit or express in a final judgment for the enforceable remedy"); *cf. Strayhorn v. Raytheon

E-Sys., Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied) (stating that if statute

provides means for attacking final agency orders, declaratory-judgment action "will not lie to provide

a redundant remedy"). Accordingly, we overrule Riley's second issue on appeal.

*Riley was Not Required to Present his Claims Prior to Suit*

　　　　　In his final issue on appeal, Riley contends that the district court erred by concluding

that he failed to properly present his claims to the Commissioners Court before filing suit. *See* Tex.

Loc. Gov't Code Ann. § 89.004. When the Commissioners Court and the Commissioners filed their

plea, they argued that Riley's mandamus claims were barred because he did not comply with section

---

open meetings act, *see, e.g.*, *Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 387 (Tex. App.—Houston [14th Dist.] 2009, pet. denied), and that his declaratory relief is proper under the declaratory judgment act because he is seeking construction of the statutory procedures required by the open meetings act "in the context of actions taken by the Commissioners Court to determine whether such actions are lawful." In addition, Riley contends that although courts have dismissed declaratory claims that were redundant and brought for the purpose of improperly obtaining attorney's fees, *see Strayhorn v. Raytheon E-Sys., Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied), his claims should not have been dismissed because he has not requested an award of attorney's fees under the declaratory judgments act. Given that Riley's open-meetings claims and his declaratory claims are nearly identical in nature and seek essentially the same relief, we are not persuaded that the claims are not redundant of each other. Moreover, Riley has not referred us to nor have we found any cases supporting the idea that redundant claims may be sought under the declaratory judgments act provided that no claim for attorney's fees is made.

89.004 of the local government code.[3] That provision sets out the procedure for presenting claims to a commissioners court and provides that, with one exception, "a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity . . . unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim." *Id.* § 89.004(a). Regarding the exception, the provision explains that a "person may file a suit for injunctive relief against a county" and further relates that subsequent to the commissioners court's ruling on the request, "any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim by the 60th day after the date of the presentation of the claim." *See id.* § 89.004(c).

In light of this provision, the Commissioners Court and the Commissioners insist that the 60-day presentment requirement is a jurisdictional prerequisite to filing a suit that Riley was obligated but failed to comply with. *See* Tex. Gov't Code Ann. § 311.034 (West 2013) (explaining that in suits against governmental entities, statutory prerequisites to suit, "including the provision of notice, are jurisdictional requirements"). Accordingly, the Commissioners Court and the Commissioners urge that the district court properly granted their plea and dismissed Riley's

---

[3] In their plea, the Commissioners Court and the Commissioners also asserted that Riley's declaratory-judgment action was barred for failing to comply with section 89.004. *See* Tex. Loc. Gov't Code Ann. § 89.004 (West 2008). Having determined that Riley's requested declaratory relief was redundant of his open-meetings claims, we need not address those claims in this issue.

open-meetings-mandamus claims, but they also admit that the failure to comply with the 60-day provision does not bar Riley's injunctive claims. *See* Tex. Loc. Gov't Code Ann. § 89.004(c).[4]

In resolving this dispute, we need not affirmatively decide whether presenting a claim is a jurisdictional prerequisite to suit because we do not believe that the presentment provision applies under these circumstances. The language of the provision demonstrates that the types of claims governed by this provision are claims for monetary relief from a county. *See id.* § 89.004.[5] That proposition is supported by various court cases that have held that the purpose of the provision is to advise a commissioners court about a claim and to provide the court an opportunity to investigate the claim and adjust it without having to go through litigation. *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *see also Bates v. Randall Cnty.*, 297 S.W.3d 828, 836 (Tex. App.—Amarillo 2009, pet. denied) (explaining that purpose of subsection 89.004(b) "is to encourage the County to make legitimate efforts to settle claims without incurring significant

---

[4] We note that there is a divide in the courts of appeal regarding whether the 60-day-presentment requirement is a jurisdictional prerequisite to suit. *Compare Forge v. Nueces Cnty.*, 350 S.W.3d 740, 745 (Tex. App.—Corpus Christi 2011, no pet.) (concluding that provision is not jurisdictional), *with Dallas Cnty. v. C. Green Scaping, L.P.*, 301 S.W.3d 872, 879 (Tex. App.—Dallas 2009, no pet.) (determining that provision is jurisdictional prerequisite).

[5] In their brief, the Commissioners Court and the Commissioners contend that Riley's suit is a claim for monetary damages because his petition sought costs as the district court deemed appropriate and because the declaratory judgments act and the open meetings act each allow for the recovery of attorney's fees. *See* Tex. Gov't Code Ann. § 551.142 (West 2012); Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008). However, we note that Riley has not filed a claim for attorney's fees. Moreover, although Riley may have requested costs incurred in pursuing his non-monetary claims against the Commissioners Court, we are not persuaded that his request transforms his claims against the Commissioners Court into requests for monetary relief within the meaning of section 89.004. *See* Tex. Loc. Gov't Code Ann. § 89.004; *cf. Bates v. Randall Cnty.*, 297 S.W.3d 828, 836 (Tex. App.—Amarillo 2009, pet. denied) (explaining that attorney's fees are not considered as part of recovery under section 89.004).

litigation expenses, while also providing a disincentive to claimants rejecting legitimate settlement offers"). Our construction is also supported by case law interpreting the predecessor to section 89.004 as applying to claims for monetary damage. *See Krier v. Navarro*, 952 S.W.2d 25, 27 (Tex. App.—San Antonio 1997, pet. denied) (explaining that provision applied to suits "in which the plaintiff seeks payment of money from a county"). Moreover, Riley has not alleged claims for monetary relief and is instead seeking non-monetary remedies for alleged open-meetings-act violations and mandamus relief pertaining to those alleged violations.

For these reasons, we must conclude that the district court erred when it dismissed Riley's mandamus claims for failure to comply with the presentment requirement of section 89.004. Accordingly, we sustain this portion of Riley's third issue on appeal.

Having sustained portions of Riley's first and third issues on appeal and overruled his second issue, we reverse the portions of the district court's order dismissing Riley's open-meetings claims against the Commissioners Court and dismissing his mandamus claims, and we affirm the dismissal of Riley's declaratory claims. Accordingly, we remand the case for proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed in part; Reversed and Remanded in part

Filed: May 23, 2013