**Reverse and Remand and Opinion Filed July 5, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00747-CV

**NMF PARTNERSHIP, Appellant**

**V.**

**DALLAS COUNTY, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND HOSPITAL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, CITY OF DALLAS, IRVING INDEPENDENT SCHOOL DISTRICT, AND DALLAS COUNTY EDUCATION DISTRICT, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-02335**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

NMF Partnership appeals the trial court's order granting appellees' plea to the jurisdiction and dismissing its claims. In three issues, NMF argues no pre-suit presentment of its claims raised in the underlying declaratory judgment action was required, a justiciable controversy exists between the parties, and governmental immunity does not bar NMF's claims for declaratory judgment. We reverse the trial court's order granting appellees' plea to the jurisdiction and remand for further proceedings.

The record shows the subject property in this case is located in Dallas and was deeded to NMF in 1977. In 1991, appellees sued NMF to collect unpaid property taxes on the property. In March 1995, the court entered a final judgment against NMF which included an order of sale. On

August 31, 1995, the property was sold at a public auction where the City of Dallas was the highest bidder at $38,460.46. On October 24, 1996, the court signed an Order to Void Sheriff's Sale and Deed. NMF did not receive notice that a motion to void the sale was filed or heard. NMF discovered the Order years later during a search of deed records.

In February 2016, NMF filed its original petition seeking a declaration that the Order was void. NMF argued the Order was signed after the plenary power of the court had expired and was therefore void, the Order was signed without proper notice to NMF that a motion to void or set aside was filed or was set to be heard and should be declared void, the deed conveying the property to the City of Dallas was a valid conveyance that remained in effect, and the City of Dallas currently owned the property. The case was ultimately transferred to the Tax Court of Dallas County.

On May 11, 2017 appellees filed their amended original answer, plea to the jurisdiction, and motion to dismiss. Appellees argued there was no live controversy in this case, particularly as to the ownership of the property, because NMF identified itself as the owner of the property in documents submitted to the Texas Commission for Environmental Quality (TCEQ) over a period of time beginning in 1996 and continuing through 2013. Appellees argued NMF's complaints and allegations arose out of and related directly to the assessment and collection of taxes which have been specifically designated as "governmental functions." Appellees argued immunity has not been waived for these claims and the court therefore lacked subject matter jurisdiction. Additionally, appellees argued NMF failed to make presentment of its claim pursuant to section 89.004 of the Texas Local Government Code and NMF was therefore barred from pursuing any legal action against appellees.

On May 17, 2017, NMF filed a response in which it conceded it was the "record owner" of the property but stated its purpose in filing the underlying lawsuit was to remove ownership of

the property from NMF. NMF argued a Motion to Void, produced for the first time by appellees, pertained to the underlying merits of the case and not to the plea to the jurisdiction that was currently before the court. NMF argued that, because it sought only declaratory relief, it was not required to make a pre-suit presentment of its claim; sovereign immunity did not apply because appellees were acting in a proprietary rather than a governmental capacity when they obtained the property at auction and sought to cancel the deed after the court's plenary power expired; the subject acts of appellees were committed well after the governmental tax collection function had ceased; the evidence showed that appellees' purpose in voiding the sale was unrelated to tax collection and was an attempt to avoid the expense of environmental cleanup on the property; and, at a minimum, fact issues existed as to whether appellees were acting in a governmental or proprietary function when they voided the sale. On May 31, 2017, the trial court granted appellees' plea to the jurisdiction and dismissed NMF's declaratory judgment action. This appeal followed.

In its first issue, NMF argues no pre-suit presentment of its claims raised in the underlying declaratory judgment action was required. Section 89.004 of the Texas Local Government Code provides the following:

> (a) Except as provided by Subsection (c), a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.
>
> (b) If the plaintiff in a suit against a county does not recover more than the commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.
>
> (c) A person may file a suit for injunctive relief against a county. After the court's ruling on the application for temporary injunctive relief, any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim by the 60th day after the date of the presentation of the claim.

TEX. LOC. GOV'T CODE ANN. § 89.004 (West 2008). The language of section 89.004 demonstrates that the types of claims governed by this provision are claims for monetary relief from a county. *See id.*; *Riley v. Commissioners Court of Blanco Cty.*, 413 S.W.3d 774, 779 (Tex. App.—Austin 2013, pet. denied). Here, NMF has not alleged claims for monetary relief and is instead seeking declaratory relief. Accordingly, pre-suit presentment of NMF's claims was not required. *Riley*, 413 S.W.3d at 779. We sustain NMF's first issue.

In its second issue, NMF argues a justiciable controversy exists between the parties regarding the validity of the Order to void the conveyance. Specifically, NMF argues its acknowledgment in TCEQ documents that it is the "property owner" does not waive its contention that the documents rendering it the record owner should be declared void. NMF does not deny that it is currently the "record owner" of the property but reiterates that it is seeking a declaration changing record ownership.

NMF correctly points out that it is unclear whether appellees' plea to the jurisdiction relies on the theory that NMF waived its right to contest ownership of the property or made a judicial admission that NMF is the owner of the property. Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (quoting *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)). Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Id.* There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Id.* Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, as in this case, the question becomes one of law. *Id.* at 156-57. The elements for establishing that a statement is a judicial admission are (1) the statement must be made in the

course of a judicial proceeding; (2) it must be contrary to an essential fact or defense asserted by the party; (3) it must be deliberate, clear, and unequivocal; (4) it cannot be destructive of the opposing party's theory of recovery or defense; and (5) enforcing the statement as a judicial admission would be consistent with public policy. *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 357 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

The record contains correspondence between NMF and TCEQ regarding contamination at the property. On a cover page to a July 2012 report concerning the conditions at the property, NMF identified itself as "property owner." We conclude NMF's cooperation with a regulatory agency to address contamination issues on the property did not clearly an intent to waive its argument that the Order to Void Sheriff's Sale and Deed was itself void. *See Jernigan*, 111 S.W.3d at 156-57. Further, because the correspondence concerning the property was not part of a judicial proceeding, statements made therein concerning "ownership" do not constitute judicial admissions. *See Khan*, 371 S.W.3d at 357. We sustain NMF's second issue.

In its third issue, NMF argues governmental immunity does not bar NMF's claims for declaratory judgment. Specifically, NMF argues appellees were acting in a proprietary function, not a governmental function, when they obtained the Order, and they are therefore not shielded from suit by immunity.

Sovereign immunity from suit defeats the trial court's subject-matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *City of Dallas v. Blanton*, 200 S.W.3d 266, 270 (Tex. App.—Dallas 2006, no pet.). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *Miranda*, 133 S.W.3d at 228.

When, as in this case, a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the parties when necessary to

resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227; *Gipson v. City of Dallas*, 247 S.W.3d 465, 469 (Tex. App.—Dallas 2008, pet. denied). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. *Miranda*, 133 S.W.3d at 227–28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. In reviewing the evidence presented in support of the plea to the jurisdiction, we take as true all evidence favorable to the nonmovant. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* This procedure "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)," and the burden is on the governmental unit to meet the summary judgment standard of proof. *Id.* This standard protects the plaintiffs from having to put on their case simply to establish jurisdiction. *Id.*

"A municipality is not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its governmental functions." *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex.2006). Therefore, we conduct a two-step inquiry to determine whether a municipality has immunity from suit. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 389 (Tex. App.—Fort Worth 2008, no pet.). First, we determine whether the function is governmental or proprietary. *Id.* Second, if the function is governmental, we determine whether immunity is waived under the Tort Claims Act. *Id.* A municipality is not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its governmental functions. *Tooke*, 197 S.W.3d at 343. Generally speaking, a municipality's proprietary functions are those conducted in its private capacity, for the benefit only of those within its corporate limits, and not

as an arm of the government, while its governmental functions are in the performance of purely governmental matters solely for the public benefit. *Id.*

Tax collection is a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(26) (West 2011). Clearly, the sale of the property to collect unpaid taxes was a governmental function. However, NMF does not complain about the sale of the property. Instead, NMF complains of the Order entered a year and a half after the sale purporting to void the sale. By that time, appellees' actions had nothing to do with tax collection. To the extent appellees, in obtaining the Order voiding the sale, acted for the benefit only of those within their corporate limits, and not as an arm of the government, they performed a proprietary function for which they were not immune. *See Tooke*, 197 S.W.3d at 343; *Baker v. City of Robinson*, 305 S.W.3d 783, 789-91 (Tex. App.—Waco 2009, pet. denied) (City failed to establish sale of disputed property constituted exercise of a government function). Under these circumstances, we conclude the trial court erred in granting appellees' plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 227–28. We sustain NMF's third issue.

We reverse the trial court's order granting appellees' plea to the jurisdiction and remand for further proceedings.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

170747F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NMF PARTNERSHIP, Appellant

No. 05-17-00747-CV     V.

DALLAS COUNTY, DALLAS COUNTY
COMMUNITY COLLEGE DISTRICT,
PARKLAND HOSPITAL DISTRICT,
DALLAS COUNTY SCHOOL
EQUALIZATION FUND, CITY OF
DALLAS, IRVING INDEPENDENT
SCHOOL DISTRICT, AND DALLAS
COUNTY EDUCATION DISTRICT,
Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-02335.
Opinion delivered by Justice Bridges.
Justices Brown and Boatright participating.

In accordance with this Court's opinion of this date, the trial court's order granting the plea to the jurisdiction of Dallas County, Dallas County Community College District, Parkland Hospital District, Dallas County School Equalization Fund, City of Dallas, Irving Independent School District, and Dallas County Education District is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant NMF Partnership recover its costs of this appeal from appellees Dallas County, Dallas County Community College District, Parkland Hospital District, Dallas County School Equalization Fund, City of Dallas, Irving Independent School District, and Dallas County Education District.

Judgment entered July 5, 2018.