**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed August 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00927-CV

### CITY OF PLANO, TEXAS, Appellant
### V.
### GREG HATCH AND LAURA HATCH, Appellees

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-01849-2017**

# OPINION

Before Justices Bridges, Osborne, and Reichek
Opinion by Justice Osborne

Greg Hatch and Laura Hatch sued the City of Plano, Texas ("City") alleging violations of

the Texas Open Meetings Act. In this interlocutory appeal, the City challenges the trial court's

denial of its plea to the jurisdiction. We conclude that the trial court has jurisdiction over the

Hatches' requests for mandamus and injunctive relief and their request to declare an ordinance

void but lacks jurisdiction over the Hatches' remaining requests for declaratory relief.

Accordingly, we affirm the trial court's order in part and reverse in part.

### BACKGROUND

The Hatches filed suit against the City alleging violations of the Texas Open Meetings Act

in the City's adoption of Ordinance No. 2014-12-7 (the "Ordinance") in 2014. *See* Texas Open

Meetings Act, TEX. GOV'T CODE ANN. §§ 551.001–551.146 ("TOMA"). The Ordinance amended

the City's non-discrimination policy, renaming Section 2-11 of the City of Plano Code of Ordinances "the Equal Rights Policy." The "Summary of Item" included on the City's "Council Agenda Item" form provided:

> The City Council desires to rename and expand the City of Plano's Non-Discrimination policy to afford equal human rights to individuals regardless of U.S. military/veteran status, genetic information, sexual orientation and gender identity in addition to the other protected characteristics set out above; to revise the outdated term "handicapped status" to "disability status"; and to prohibit discrimination in places of public accommodation, employment practices, housing transactions and city contracting practices.

Although the City Council voted to adopt the Ordinance in a public meeting on December 8, 2014, after two hours of public debate, the Hatches alleged that the City Council actually held its deliberations and voted on the Ordinance in closed meetings prior to the December 8 public meeting. In their operative petition, the Hatches alleged four violations of TOMA:

1.    the City illegally convened and held executive session meetings for an illegal purpose, to hold substantive deliberation about the Ordinance;

2.    the City surveyed Council members for their policy positions on the Ordinance, establishing a "walking quorum";

3.    the City failed to maintain an adequate Certified Agenda; and

4.    the City's public notice was "deliberately dishonest" about the fact that the Ordinance was new.

The Hatches alleged that the City's violations of TOMA were criminal acts. They pleaded for declarations (1) that the Ordinance is void, and (2) "that the conduct and actions of the City as described herein violate the Hatches' rights, the rights of Plano's citizens, and Texas law." They also pleaded that they sought "a declaration preventing the City from simply reenacting" the City's equal rights policy.

The City filed a plea to the jurisdiction alleging that the Hatches failed to plead a claim under TOMA that would give rise to a waiver of the City's governmental immunity. The City contended:

–2–

1. the Hatches did not plead for writs of mandamus or injunction, the only relief available under TOMA, but instead pleaded for declaratory relief, which is not available;

2. TOMA requires that the Hatches sue the individual members of the City Council, not the City;

3. the Hatches improperly "attempt to block Plano's legislative right to pass future ordinances";

4. there is no waiver of the City's immunity for the Hatches' claims that the City violated criminal statutes;

5. the Hatches' claims are moot, because only one of the members of the City Council who allegedly violated TOMA is still serving on the Council;

6. because the City posted and conducted a public meeting on December 8, 2014 where the Ordinance was passed, any prior alleged TOMA violations are moot and "barred by ratification"; and

7. the Hatches' claims against the City Manager are improper because he is not a member of the City Council.

With its plea, the City filed a flash drive containing "a recording of the entire open public Plano City Council Meeting conducted on December 8, 2014, regarding agenda item 3 involving the Equal Rights Policy." The City also attached the agenda for the meeting, the official minutes of the meeting, the supporting documentation for the Ordinance, and the Ordinance itself. The City alleged that the agenda was made available to the public at least 72 hours in advance of the meeting as required by TOMA section 551.043.

The Hatches responded by filing both a supplement to their petition and a response to the City's plea. The supplement added an allegation that the City's immunity was waived under TOMA, and pleaded fifth, sixth, and seventh causes of action for declaratory judgment, injunction, and mandamus. The mandamus relief requested was that "Plano's council members and upper management" be required to obtain "a course of training regarding TOMA" and "maintain and make available for public inspection the record of its members' completion of the training in the public minutes of its meetings after completion." In their request for injunctive relief, the Hatches

pleaded that "[b]ased on the City's violations of TOMA as it passed the Ordinance, the Plaintiffs seek an injunction of the Ordinance based on Section 551.142(a) of the Texas Open Meetings Act." In their response to the City's plea to the jurisdiction, the Hatches argued that their supplemental pleading, while unnecessary, made the waiver of immunity under TOMA "even more obvious." They contended that declaratory relief is available for violations of TOMA. They argued that the court could void actions taken by the City Council even though the individual members who allegedly violated TOMA were no longer serving. And they contended that "the Council's public meeting conducted December 8, 2014, was not in compliance with TOMA and no proper ratification ever occurred." The City filed a reply and the Hatches filed a surreply. After a hearing, the trial court denied the City's plea to the jurisdiction. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (permitting interlocutory appeal of order denying governmental unit's plea to jurisdiction).

## STANDARD OF REVIEW

We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). A plea to the jurisdiction is a dilatory plea that contests the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To make this determination we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true. *Id.* Where the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiffs should be

given an opportunity to amend. *Miranda,* 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

In some instances, however, a plea to the jurisdiction may require the court to consider evidence pertaining to jurisdictional facts. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we apply a standard similar to that applied in a summary judgment. *Miranda*, 133 S.W.3d at 228. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*.

## DISCUSSION

### 1. Parties

In part (a) of its first issue, the City argues that the trial court erred by denying its plea to the jurisdiction because TOMA waives immunity only for individual city council members, not cities. The City's argument is premised on TOMA section 551.142, which permits suits "to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body," and TOMA section 551.141, which provides that "[a]n action taken by a governmental body in violation of this chapter is voidable." The City argues that the city council, not the City, is the "governmental body" and the "members" are the individual council members.[1] The City

---

[1] To the extent the parties have argued that our opinion in *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 465–66 (Tex. App.—Dallas 2007, no pet.), is instructive on this issue, we note that *Ramos* addressed this Court's jurisdiction over an appeal, not the trial court's jurisdiction over the plaintiff's claims against the city. In *Ramos*, we held that this Court had jurisdiction over an appeal by individual city council members from the trial court's denial of their plea to the jurisdiction, relying on the supreme court's recent interpretation of the statute permitting certain interlocutory appeals. *See id.* (citing *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8) (permitting appeal from interlocutory order granting or denying plea to jurisdiction by governmental unit). Here, the issue is the trial court's jurisdiction.

relies on *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692 (Tex. 2003), in support of its argument. In *Taylor*, the supreme court discussed principles a court should consider in determining whether the legislature intended to waive sovereign immunity in a statute that does not include an express waiver. *See id.* at 697–98. The court explained that "in cases like this, we require the Legislature to express its intent beyond doubt and will construe ambiguities in a manner that retains the State's immunity." *Id.* at 701. Citing *Taylor*, the City argues that TOMA's language "falls far short of waiving a city's immunity 'beyond doubt.'" The City, however, does not cite authority construing TOMA.

"Governmental body" is defined in TOMA section 551.001(3)(C) to include "a municipal governing body in the state." The supreme court has concluded that a city is a governmental body under an identical definition in the Texas Public Information Act ("TPIA"), which follows TOMA in the "Open Government" subtitle of the government code. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 584 (Tex. 2018). In *City of Houston*, the court explained, "[w]e also disagree with the City's argument that the TPIA's reference to a 'governmental body,' which includes a 'municipal governing body,' does not include the municipality itself. . . . The City cites no support for its position and we have previously recognized cities as governmental bodies under the TPIA." *Id.*; *see also* GOV'T § 552.003(1)(A)(iii) (TPIA's definition of "governmental body" as "a municipal governing body in the state"). We have also concluded that a city is a "governmental body" under the TPIA's identical definition. *City of Dallas v. Dallas Morning News, LP*, 281 S.W.3d 708, 714 (Tex. App.—Dallas 2009, no pet.) ("The City is a governmental body as defined under the [TPIA]."). The City cites no authority to the contrary.

The City rejects an analogy between the TPIA and TOMA on this issue, however, because TOMA section 551.142 expressly provides that actions may be brought to stop, prevent, or reverse violations or threatened violations of TOMA by "members of a governmental body," while the

TPIA provides for actions against "a governmental body" without reference to "members." TPIA § 552.3215(b) (declaratory judgment action); *id.* § 552.321 (suit for writ of mandamus). In *Riley v. Commissioners Court of Blanco County*, 413 S.W.3d 774, 776–77 (Tex. App.—Austin 2013, pet. denied), the court considered and rejected a similar argument. Riley, the plaintiff, sued the Commissioners Court and the individual commissioners alleging they violated TOMA by holding three meetings that were closed to the public. *See id.* at 775. The Commissioners Court filed a plea to the jurisdiction, arguing that it retained its immunity from suit because Riley's claims were ultra vires claims that could only be asserted against the individual commissioners. *Id.* at 776. To support its argument, the Commissioners Court relied on TOMA section 551.142's reference to violations "by *members* of a governmental body." *Id.* The court disagreed, explaining: "While it is true that suits alleging ultra-vires claims must be brought against government officials and may not be pursued against government entities when the entity is immune from suit, the prohibition against filing suit against a government entity does not apply when the legislature has waived the entity's immunity." *Id.* Because "the open meetings act waives immunity for violations of the act and authorizes suit against governmental bodies," the court concluded that the trial court had jurisdiction over Riley's claims for TOMA violations. *See id.* (citing *Hays Cty. v. Hays Cty. Water Planning P'ship*, 69 S.W.3d 253, 257–58 (Tex. App.—Austin 2002, no pet.), and *City of Austin v. Savetownlake.Org*, No. 03-07-00410-CV, 2008 WL 3877683, at *6 (Tex. App.—Austin Aug. 22, 2008, no pet.) (mem. op.)).

We conclude that the City is a "governmental body" against which an action may be brought under section 551.142(a) of TOMA. We decide part (a) of the City's first issue against it.[2]

---

[2] The City relies on the same reasoning to support its additional argument that it is immune from the Hatches' request for attorney's fees under TOMA section 551.142(b). Section 551.142(b) permits recovery of "costs of litigation and reasonable attorney fees incurred" by a party "who substantially prevails in an action under Subsection (a)." As discussed above, we have concluded that subsection (a) applies to the Hatches' claims. Consequently, if the Hatches "substantially prevail" in their suit, then subsection (b) will apply. We conclude the trial court did not err in denying the City's plea to the jurisdiction on this ground.

## 2. Declaratory relief

In part (b) of its first issue, the City argues that even if it may be sued for violations of TOMA, neither TOMA nor the declaratory judgments act waives immunity for declaratory relief. "[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." GOV'T § 311.034; *see also Taylor*, 106 S.W.3d at 696 ("It is settled in Texas that for the Legislature to waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the Legislature's waiver of immunity."). Under TOMA section 551.142, an "interested person . . . may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." TOMA § 551.142(a). TOMA section 551.141 provides that "[a]n action taken by a governmental body in violation of this chapter is voidable."

The Hatches reply by citing two opinions from a sister court holding that immunity is waived for claims seeking a declaration that an action taken in violation of TOMA is voidable. *See Town of Shady Shores v. Swanson*, 544 S.W.3d 426, 436–37 (Tex. App.—Fort Worth 2018, pet. granted); *Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 355 (Tex. App.—Fort Worth 2018, pet. denied). The court in *Town of Shady Shores* noted that it "disagree[d] in part with the recent holding of the Austin court of appeals that TOMA does not waive immunity for declaratory relief," citing *City of New Braunfels v. Carowest Land, Ltd.*, 549 S.W.3d 163, 173 (Tex. App.—Austin 2017, pet. pending). *Town of Shady Shores*, 544 S.W.3d at 437 n.1.[3] The supreme court has granted the Town of Shady Shores's petition for review on this question. *See* 62 Tex. S. Ct. J. 1312, 1362–64 (Jul. 1, 2019) (petition for review of Town of Shady Shores granted June 28, 2019, No. 18-0413).

---

[3] Another sister court has noted this conflict, but concluded it "need not decide the issue here." *See Calhoun Port Auth. v. Victoria Advocate Publ'g Co.*, No. 13-18-00486-CV, 2019 WL 1562003, at *3 n.4 (Tex. App.—Corpus Christi–Edinburg Apr. 11, 2019, no pet. h.) (mem. op.) (noting the "split of authority regarding whether TOMA waives immunity for declaratory judgment actions").

In *Town of Shady Shores* and *Schmitz*, the court recognized that TOMA's "limited waiver of immunity does not apply to most claims under the UDJA." *Schmitz*, 550 S.W.3d at 355; *see Town of Shady Shores*, 544 S.W.3d at 437 n.1 ("TOMA does not broadly waive immunity for all declaratory judgment actions"). But the court held that the waiver of immunity in TOMA section 551.142(a) "does apply to claims seeking a declaration that an action taken in violation of TOMA was voidable." *Schmitz*, 550 S.W.3d at 355; *Town of Shady Shores*, 544 S.W.3d at 437 n.1 (TOMA "does waive immunity for a declaration that an action taken in violation of TOMA is void"). In *Town of Shady Shores* and *Schmitz*, the court relied on TOMA section 551.141, providing that "[a]n action taken by a governmental body in violation of this chapter is voidable." TOMA § 551.141; *Town of Shady Shores*, 544 S.W.3d at 437; *Schmitz*, 550 S.W.3d at 355. In both cases, the court reasoned that section 551.141's purpose "is to allow courts to declare void actions taken in violation of TOMA." *Town of Shady Shores*, 544 S.W.3d at 437; *Schmitz*, 550 S.W.3d at 355.

The Austin court of appeals reached a different conclusion in *Carowest Land*. *Carowest Land*, 549 S.W.3d at 173. As part of a flood control project, Carowest Land conveyed property to the City, and the City awarded a contract to the Yantis Company. *See id.* at 166–67. Among other claims, Carowest Land alleged the City violated TOMA by considering matters in a closed session and providing inadequate notice of the matters to be discussed in the closed session. *See id.* at 168–69. After a jury trial, the trial court rendered declarations that the process by which the City awarded the contract for the project to Yantis was "improper, illegal, and in violation of the Texas Open Meetings Act." *Id.* The trial court also declared that the City violated four sections of TOMA. *Id.* at 169.

On appeal, the City argued that Carowest Land's claims, brought solely under the Uniform Declaratory Judgments Act, were barred by governmental immunity. *See* CIV. PRAC. & REM. §§ 37.001–.011 ("UDJA"); *Carowest Land*, 549 S.W.3d at 169. The court of appeals agreed,

relying on "the Texas Supreme Court's directive in determining the scope of an express waiver." *Carowest Land*, 549 S.W.3d at 173 (citing *Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 109–10 (Tex. 2014)). The court explained, "the Texas Supreme Court has made clear that the types of relief expressly made available by statute operate as the boundaries for a statute's waiver of immunity." *Id.* at 172 (citing *Zachry Constr. Corp.*, 449 S.W.3d at 109–10). The court concluded that the scope of an express waiver of immunity is limited to the express relief provided in the statute:

> Instructed by the Texas Supreme Court's directive in determining the scope of an express waiver, we conclude that section 551.142 of TOMA and section 252.061 of the Texas Local Government Code set the boundaries of their waivers of immunity to the express relief provided in the statutes—injunctive and mandamus relief—and that neither statute extends the scope of waiver to include the declaratory relief that Carowest sought and the trial court awarded here. *Zachry Constr.*, 449 S.W.3d at 109-10; *Tooke* [*v. City of Mexia*], 197 S.W.3d [325] at 328–29 [(Tex. 2006)].

*Id.* at 173; *see also City of New Braunfels v. Carowest Land, Ltd.*, No. 03-17-00696-CV, 2019 WL 2127743, at *5 (Tex. App.—Austin May 16, 2019, no pet. h.) (subsequent appeal) (in *Carowest Land*, "this Court concluded that section 551.142 of TOMA waives immunity from suit for only injunctive and mandamus relief . . . but [does not] waive[ ] immunity for declaratory relief"). Because TOMA's waiver did not include the declaratory relief sought by Carowest Land and awarded by the trial court, the court of appeals concluded that the trial court lacked jurisdiction over Carowest Land's UDJA claims against the City. *See Carowest Land*, 549 S.W.3d at 178.

Here, the Hatches requested "a declaration preventing the City from simply re-enacting [the Ordinance] or a comparable ordinance unless and until the City ameliorates its illegal action." They also pleaded for a declaration "that the conduct and actions of the City as described herein violate the Hatches' rights, the rights of Plano's citizens, and Texas law," and a declaration "that Ordinance No. 2014-12-7 is void." Under both *Town of Shady Shores* and *Carowest Land*, TOMA's waiver of immunity does not extend to the the Hatches' first two requested declarations.

–10–

*See Town of Shady Shores*, 544 S.W.3d at 437 n.1; *Carowest Land*, 549 S.W.3d at 173. But the courts would reach different conclusions on the request to declare the Ordinance void.

TOMA section 551.141 expressly provides that "[a]n action taken by a governmental body in violation of this chapter is voidable." TOMA section 551.142 expressly permits interested persons to obtain mandamus or injunctive relief "to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." We conclude that the two sections together define the scope of TOMA's limited waiver of immunity, permitting narrow requests for declarations that an action taken by a governmental body is invalid in addition to requests for mandamus and injunctive relief. *See Schmitz*, 550 S.W.3d at 355; *Town of Shady Shores*, 544 S.W.3d at 437. Without expressing an opinion whether a violation has in fact occurred, we conclude that TOMA waives immunity for a request to declare void an action taken in violation of TOMA. *See* TOMA § 551.141; *Town of Shady Shores*, 544 S.W.3d at 437.

But for the remaining declaratory relief sought by the Hatches, TOMA does not provide a waiver. *See Town of Shady Shores*, 544 S.W.3d at 437 ("For the remaining requested declaratory relief sought by Swanson—that the Town violated TOMA in certain specific ways—although TOMA waives immunity for a court to render injunctive or mandamus relief for violations of its provisions, it does not provide a waiver for the types of declarations sought by Swanson."). We conclude that TOMA's waiver of immunity extends only to the Hatches' request for a declaration that the Ordinance is void. *See id*. The trial court lacked jurisdiction over the Hatches' remaining requests for declaratory relief. Consequently, we sustain issue 1(b) in part.

### 3. Ratification

In its second issue, the City argues that its subsequent ratification of the Ordinance on December 8, 2014 deprived the trial court of jurisdiction over the Hatches' complaints about the City's actions prior to December 8. The City relies on several cases, including one from this Court,

to support its argument. In *City of Combine v. Robinson*, we concluded that where the city council held a subsequent meeting in compliance with TOMA expressly to ratify acts taken in a closed meeting, the trial court lacked jurisdiction over the plaintiffs' claims for TOMA violations. No. 05-10-01384-CV, 2011 WL 3570510, at *3 (Tex. App.—Dallas Aug. 16, 2011, no pet.) (mem. op.) ("The vote at the August 9, 2010 meeting ratified the actions taken at the July 24, 2010 meeting and, thereby, negated any justiciable controversy as to the validity of the July 24 vote."). We explained that "[a] city council 'can meet again and authorize actions which were previously authorized at an invalid meeting.'" *Id.* (quoting *City of Bells v. Texoma Util. Auth.*, 790 S.W.2d 6, 11 (Tex. App.—Dallas 1990, writ denied)).

The Hatches, in turn, rely on our opinion in *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469–70 (Tex. App.—Dallas 2007, no pet.), where we concluded the plaintiffs' claim of TOMA violations was not moot even though the city had repealed the ordinance in question. We said:

> If a governmental body illegally deliberates and decides an issue in closed session, repealing the action so that it can be retaken in a later setting does not vindicate the very right protected by TOMA. As stated by our supreme court: "Our citizens are entitled to more than a result. They are entitled not only to know what government decides but to observe how and why every decision is reached."

*Id.* (quoting *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990)). Ramos requested a declaration[4] that the city and individual council members violated TOMA and an injunction to require them to comply with TOMA in the future. *Id.* at 469. He also sought remedial relief compelling disclosure of transcripts, minutes, recordings, and other evidence of closed meetings, and the city's counsel represented that a certified agenda, under seal, did exist. *Id.* Consequently, we concluded that "Ramos's request for a declaration that appellants violated the statute, coupled

---

[4] No issue was raised in *Ramos* about the availability of declaratory relief under TOMA. *See generally Ramos*, 235 S.W.3d at 462–70.

with the potential remedy involving the certified agenda, establishes that this issue is not moot." *Id.* at 470.

Neither *Ramos* nor *Robinson* is exactly on point. In *Ramos*, we expressly declined to consider the question whether "any TOMA violation can be ratified by and through subsequent action by a governmental entity," because the city did not raise it in its plea to the jurisdiction. *Id.* In contrast to *Ramos*, the City in this case did raise the issue in its plea to the jurisdiction. *Cf. id.* Subsequent ratification was the issue presented in *Robinson*. *See Robinson*, 2011 WL 3570510, at *3. But in contrast to *Robinson*,[5] here the Hatches pleaded that the City's subsequent ratification was the result of the City's TOMA violations:

> The City, however, through the City Council, held secret deliberations to thwart the public from ever learning the City leaders' positions and how they arrived there. The City Council met in executive session, gathered a consensus (either there or elsewhere), decided upon an ordinance . . . and then later publicly ratified their already-agreed-upon action. In private discussion, the City Council decided that it would roll out [the Ordinance] to the public at the last possible moment, in a sole meeting, where they would then pass the Ordinance as they had already agreed. That violates [TOMA] . . . .

In the other cases the City cites, the courts of appeals reviewed trial courts' rulings on motions for summary judgment or after trial de novo. *See, e.g., Tex. State Bd. of Pub. Accountancy v. Bass*, 366 S.W.3d 751, 757 (Tex. App.—Austin 2012, no pet.) ("[b]oth sides filed traditional motions for summary judgment on the accountants' TOMA claim"); *Olympic Waste Servs. v. City of Grand Saline*, 204 S.W.3d 496, 500 (Tex. App.—Tyler 2006, no pet.) (both sides filed motions for summary judgment regarding Olympic's claims of TOMA violations); *United Indep. Sch. Dist. v. Gonzalez*, 911 S.W.2d 118, 122 (Tex. App.—San Antonio 1995) (trial court conducted substantial evidence de novo review of school board's decision), *writ denied per curiam*, 940

---

[5] Another of the City's cases, *Rubalcaba v. Raymondville ISD*, No. 13-14-00224-CV, 2016 WL 1274486, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 31, 2016, no pet.) (mem. op.), is distinguishable on the same grounds, where the plaintiff "did not seek to have any specific Board action declared void and did not seek injunctive or other relief."

S.W.2d 593 (Tex. 1996). These were appeals of decisions on the merits, not interlocutory challenges to a trial court's jurisdiction.

Here, the City's arguments that "TOMA does not make an ordinance voidable when it was adopted in a legal, open meeting" go to the merits of the Hatches' claims. *See Hays Cty.*, 69 S.W.3d at 259 ("In reality, Hays County's argument that no action was taken in violation of [TOMA] goes to the merits of [the plaintiff's] claims and thus is not the proper subject of an interlocutory appeal."); *Savetownlake.Org*, 2008 WL 3877683, at *5 ("[T]he City also argues that Savetownlake does not make a valid [TOMA] claim to confer jurisdiction on the trial court . . . . because the City did not violate [TOMA] as alleged by Savetownlake. . . . [T]his argument attacks Savetownlake's right to relief under the statute, not the trial court's subject matter jurisdiction to award it.").

Although we make "no comment on whether a violation [of TOMA] has in fact occurred or any particular remedy that should be enforced should the trial court find a violation," *see Ramos*, 235 S.W.3d at 469, we conclude the trial court did not err by rejecting the City's argument that the Council's subsequent vote deprived the trial court of jurisdiction. *See Savetownlake.Org*, 2008 WL 3877683, at *5. We decide the City's second issue against it.

### 4. Requests for injunctive and mandamus relief

In its third issue, the City argues that the Hatches' requests for injunctive and mandamus relief are not justiciable because they are "hypothetical and speculative, based on an invalid request for declaratory relief, and directed against the wrong defendant." We decide each of these complaints against the City. First, the City's complaint that the Hatches' requests are "hypothetical and speculative" goes to the merits of the Hatches' claims, not to the trial court's subject matter jurisdiction to award the injunctive and mandamus relief requested. *See Savetownlake.Org*, 2008 WL 3877683, at *5. Second, we have concluded that the trial court has jurisdiction over one of the Hatches' requests for declaratory relief, and in addition, TOMA expressly waives governmental

immunity for "an action by mandamus or injunction." TOMA § 551.142. Third, we have rejected the City's complaint that the Hatches may bring suit only against individual members of the City Council. For these reasons, we decide the City's third issue against it.

## CONCLUSION

We affirm the trial court's order denying the City's plea to the jurisdiction in part and reverse in part. We reverse the portion of the order denying the plea as to the Hatches' claims for declaratory relief other than their request to declare the Ordinance void and dismiss those claims for lack of jurisdiction. In all other respects, we affirm the trial court's order denying the City's plea to the jurisdiction. We remand the cause to the trial court for further proceedings consistent with this opinion.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

180927F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF PLANO, TEXAS, Appellant

No. 05-18-00927-CV      V.

GREG HATCH AND LAURA HATCH,
Appellees

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-01849-2017.
Opinion delivered by Justice Osborne;
Justices Bridges and Reichek, participating.

In accordance with this Court's opinion of this date, the trial court's July 26, 2018 Order denying the plea to the jurisdiction of appellant the City of Plano, Texas is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment denying the plea to the jurisdiction as to the claims of appellees Greg Hatch and Laura Hatch for declaratory relief, other than the request to declare City of Plano Ordinance No. 2014-12-7 void. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellees Greg Hatch and Laura Hatch recover their costs of this appeal from appellant the City of Plano, Texas.

Judgment entered this 26th day of August, 2019.